The State of Ohio, Appellant, *v.* Robinson, Appellee.

[Cite as State v. Robinson (1976), 47 Ohio St. 2d 103.]

(No. 75-943—Decided July 21, 1976.)

104

Mr. *George C. Smith*, prosecuting attorney, and *Mr. Alan C. Travis*, for appellant.

*Messrs. Folkerth, Calhoun, Webster, Maurer & O'-Brien* and *Mr. John P. Bessey*, for appellee.

STERN, J. The state takes issue with each of the three grounds for reversal sustained by the Court of Appeals. No cross appeal was taken by the defendant from that court's overruling of the fourth assignment of error.

## I.

The first issue is whether the trial court committed prejudicial error by instructing the jury that the defendant bore the burden of proving his affirmative defense of self-defense by a preponderance of the evidence.

The problems of assigning the burden of proof of affirmative defenses in criminal cases has been a subject of both scholarly debate and divergent judicial opinions. The traditional rule has been that the defendant has the burden of proving a defense such as self-defense by a preponderance of the evidence or by some other similar standard.[1] This is the same standard generally applied in civil cases, wherein the defendant ordinarily has the burden of proving any affirmative defenses.

Courts and commentators, however, have increasingly

[1] See, e. g., *Wilson* v. *State* (1971), 261 Md. 551, 276 A. 2d 214; *Commonwealth* v. *Winebrenner* (1970), 439 Pa. 73, 265 A. 2d 108; *Richie* v. *Commonwealth* (Ky. 1951), 242 S. W. 2d 1000 (by convincing evidence); *Quillen* v. *State* (1955), 49 Del. 114, 110 A. 2d 445 (to the satisfaction of the jury). See, generally, Annotation, 43 A. L. R. 3d 221, 226.

recognized that the term "burden of proof" is ambiguous and confusing. As Thayer first pointed out,[a] the term is used in at least two different senses. One sense is that of the burden of going forward with, or of producing, evidence, these terms being used interchangeably. The party having this burden on any given issue will lose on that issue as a matter of law if evidence sufficient to make out a case for the trier of fact is not produced. Similarly, if a party has the burden of going forward with evidence of a fact and fails to do so, the judge and the jury must assume the non-existence of the alleged fact. In a civil case, the plaintiff normally has the burden of producing evidence to support his case, and the defendant has the burden of producing evidence of any affirmative defenses. The assignment of the burden of producing evidence on a given issue frequently is influenced by presumptions, judicial policies of handicapping disfavored contentions, and practical judgments that the party with superior access to the evidence should have the burden of producing it. The principle is clear enough, even if its application is more problematic.

The other sense of "burden of proof" is the burden of persuasion. This refers to the risk which is borne by a party if the jury finds that the evidence is in equilibrium. The party with the burden of persuasion will lose if he fails to persuade the trier of fact that the alleged fact is true by such quantum of evidence as the law demands. In a civil case, the burden is to persuade the trier of fact by a preponderance of the evidence, or upon some issues, by clear and convincing evidence. If the trier of fact, whether judge or jury, finds itself in doubt, it must decide the issue against the party having the burden of persuasion.

In civil cases, the burden of persuasion will rarely be

[a]Thayer, The Burden of Proof, 4 Harv. L. Rev. 45 (1890). For discussions of varying viewpoints on the problems of burden of proof, see Morgan, Basic Problems of Evidence, pages 17 to 30 (1962); McCormick, Evidence, pages 783 to 802 (2d Ed. 1972); 9 Wigmore, Evidence, pages 270 to 286 (3d Ed. 1940); Dworkin, Easy Cases, Bad Law, and Burdens of Proof, 25 Vand L. Rev. 1151 (1972).

108

decisive, since few cases will involve evidence so evenly balanced that neither side has a preponderance.

In criminal cases, the state has the burden not only to persuade the trier of fact that the defendant more probably than not committed the offense charged, but also to overcome any reasonable doubt of that fact. The state is constitutionally bound to prove beyond a reasonable doubt every fact necessary to constitute any crime for which it prosecutes a defendant. *In re Winship* (1970), 397 U. S. 358.

Traditionally, however, it has been held that the state can impose upon the defendant the burden of persuasion of certain affirmative defenses, in much the same way that proof of affirmative defenses is imposed upon civil defendants. This court has held that the defenses of duress,[3] insanity,[4] intoxication,[5] and self-defense,[6] are affirmative defenses which the defendant must prove by a preponderance of the evidence. Other defenses, such as accident,[7] alibi,[8] and entrapment[9] have been held not to be affirmative defenses, in the sense of justifications for admitted conduct, and the defendant has not borne the burden of persuasion upon these issues.

In other states, a different approach has found increasing favor, and is probably the majority view. That approach is to require the state to bear the burden of persuasion beyond a reasonable doubt upon every issue necessary to convict, and to impose upon the defendant the burden of coming forward with evidence sufficient to raise any affirmative defense. The state need not disprove an affirm-

[3]*State v. Sappienza* (1911), 84 Ohio St. 63, 95 N. E. 381.

[4]*State v. Staten* (1969), 18 Ohio St. 2d 13, 247 N. E. 2d 293.

[5]*State v. Vargo* (1927), 116 Ohio St. 495, 156 N. E. 600.

[6]*State v. Seliskar* (1973), 35 Ohio St. 2d 95, 298 N. E. 2d 582; *Szalkai v. State* (1917), 96 Ohio St. 36, 117 N. E. 12; *State v. Vancak* (1914), 90 Ohio St. 211, 107 N. E. 511; *Weaver v. State* (1874), 24 Ohio St. 584; *Silvus v. State* (1871), 22 Ohio St. 90.

[7]*State v. Poole* (1973), 33 Ohio St. 2d 18, 294 N. E. 2d 888.

[8]*State v. Childs* (1968), 14 Ohio St. 2d 56, 236 N. E. 2d 545.

[9]*State v. Dutton Drugs* (1965), 3 Ohio App. 2d 118, 209 N. E. 2d 597.

ative defense unless the defendant comes forward with evidence sufficient to raise that defense, and the defendant is not required to prove the mitigating circumstances of his affirmative defense by a preponderance of the evidence, "but need only introduce evidence of such circumstances to raise a reasonable doubt of his guilt." *People* v. *Cornett* (1948), 33 Cal. 2d 33, 42, 198 P. 2d 877, 883. See, also, *State* v. *Millett* (1971 Me.), 273 A. 2d 504; *People* v. *Warren* (1965), 33 Ill. 2d 168, 210 N. E. 2d 507. Annotation, 43 A. L. R. 3d 221, 232. The burden of proving beyond a reasonable doubt that the defendant committed the crime remains with the prosecution, and the prosecution therefore bears the burden of disproving any affirmative defenses raised by the evidence in the case. In his concurring opinion in *Stokes* v. *People* (1873), 53 N. Y. 164, pages 181 and 182, Judge Rapallo gives a clear statement of the rationale underlying this position:

"It is a cardinal rule in criminal prosecutions that the burden of proof rests upon the prosecutor; and that if upon the whole evidence, including that of the defense as well as of the prosecution, the jury entertain a reasonable doubt of the guilt of the accused, he is entitled to the benefit of that doubt. The jury must be satisfied on the whole evidence of the guilt of the accused; and it is clear error to charge them, when the prosecution has made out a *prima facie* case and evidence has been introduced tending to show a defense, that they must convict, unless they are satisfied of the truth of the defense. Such a charge throws the burden of proof upon the prisoner and subjects him to a conviction, though the evidence on his part may have created a reasonable doubt in the minds of the jury as to his guilt. Instead of leaving it to them to determine upon the whole evidence whether his guilt is established beyond a reasonable doubt, it constrains them to convict, unless they are fully satisfied that he has proved his innocence." See *State* v. *Wilcox* (1925), 48 S. D. 289, 204 N. W. 369, overruling *State* v. *Yokum* (1899), 11 S. D. 544, 79 N. W. 835.

As was noted above, Ohio common law has consistently

followed the traditional rule that self-defense must be proved by a preponderance of the evidence. The question presented in this case is, whether that common-law rule has been statutorily replaced by the majority rule: R. C. 2901.05(A), effective January 1, 1974, provides:

"Every person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof is upon the prosecution. The burden of going forward with the evidence of an affirmative defense is upon the accused."

The state contends that this statute is only a partial codification of a principle of common law, and that the defendant retains the common law burden of proving self-defense by a preponderance of the evidence. We cannot agree with that contention. The assignment of the burden of going forward with evidence of an affirmative defense has acquired a well-recognized meaning in American jurisprudence, and there can be no substantial doubt that the General Assembly intended to adopt the majority rule. Every party who bears the burden of proof on an issue in the sense of the burden of persuasion, necessarily also bears the burden of going forward with the evidence, for the party will lose on that issue unless evidence is presented. If the General Assembly had wished to impose the burden of persuasion as well as the burden of going forward with the evidence, we may properly assume that they would have used language appropriate to do so. They could simply have provided that the defendant has the same burden of proof of affirmative defenses as the state has of making out a prima facie case, but they did not do so.

The obvious meaning of R. C. 2901.05(A) is that the state bears the burden of proof beyond a reasonable doubt through the trial, and that the burden does not shift to the defendant.[10] In order to raise an affirmative defense, which

---

[10]It is suggested in Comment, Affirmative Defense in Ohio After *Mullaney* v. *Wilbur*, 36 Ohio St. L. J. 828, that the legislative background and history of R. C. 2901.05(A) indicate that the intent of the General Assembly was to continue to require that defendants prove any affirmative defense by a preponderance of the evidence. To the

is now statutorily defined as either "a defense expressly designated as affirmative" or "a defense involving an excuse or justification peculiarly within the knowledge of the accused, on which he can fairly be required to adduce supporting evidence" (R. C. 2901.05[C]), evidence of a

contrary, however, the evolution of the statute indicates just the opposite.

As submitted to the Ohio House, proposed R. C. 2901.05 provided, in part, as follows:

"(A) Every person accused of an offense is presumed innocent until proved guilty.

"(B) No person shall be convicted of an offense unless his guilt is proved beyond a reasonable doubt. This division does not require the prosecution to rebut an affirmative defense until the accused adduces evidence supporting such defense."

The Technical Committee's comments to their Proposed Ohio Criminal Code (March, 1971), describe the intended operation and effect of this proposed section, at page 29, as follows:

"The second sentence of division (B) places on the accused the burden of going forward with the evidence to establish an affirmative defense. In this context, the Technical Committee does not intend that the prosecution's ultimate burden of proving guilt beyond a reasonable doubt is in any [way, *sic*] relaxed by shifting the burden of going forward with the evidence. In the committee's view, if the evidence adduced by the defendant to establish his defense is sufficient to cast a reasonable doubt on the question of his guilt, then he should be acquitted, regardless of whether he has proved the substance of his defense by a preponderance of evidence, or by clear and convincing evidence, or beyond a reasonable doubt. In other words, it should remain the prosecution's part to establish the defendant's guilt beyond a reasonable doubt, and the part of the defense to cast a reasonable doubt on the prosecution's case, if it can."

The plain import of this language is that when the burden of going forward with the evidence of an affirmative defense is placed upon the defendant, it is intended that the defendant need only raise a reasonable doubt of his guilt in order to gain acquittal, and need not prove the defense by a preponderance of the evidence, or any other standard. This is the modern rule on a defendant's burden.

The Ohio House passed a substitute proposal which provided, in part:

"(A) Every person accused of an offense is presumed innocent until proved guilty.

"(B) No person shall be convicted of an offense unless his guilt is proved beyond a reasonable doubt, and the burden of proof is upon the prosecution.

nature and quality sufficient to raise the issue must be introduced, from whatever source the evidence may come. The procedural steps to be taken by the trial court are well stated in *State* v. *Millett, supra* (273 A. 2d at 508):

"* * * When such evidence is forthcoming the trial court must first, viewing that evidence in the light most favorable to the defendant, determine whether or not it

"(C) Except for the defenses of intoxication and insanity contained in Sections 2901.35 and 2901.36 of the Revised Code, a defense or affirmative defense to a criminal charge is established if it creates a reasonable doubt as to the guilt of the accused. The defenses of intoxication and insanity are established by a preponderance of the evidence. The burden of going forward with the evidence of an affirmative defense is upon the accused."

In this proposal, the House substituted the phrase "burden of going forward with the evidence of an affirmative defense," for the less technical language of the original proposal, and specifically wrote in an exception to require that the two affirmative defenses of insanity and intoxication were to be established by a preponderance of the evidence, while accepting the approach of the conference committee with respect to other affirmative defenses.

The final enacted version removed the language creating the special exceptions for defenses of insanity and intoxication, but retained the provision regarding the burden of going forward with the evidence. The end result was to enact R. C. 2901.05 almost as originally proposed, substituting only the provision for "burden of going forward with the evidence," a phrase which the committee comment shows was intended to be synonomous with, and indeed the very definition of the terms originally proposed. The final revision may have been in response to commentator criticism of the insanity and intoxication exceptions. See The Proposed Affirmative Defenses of Forced Perpetration, Entrapment, Intoxication and Insanity, 33 Ohio St. L. J. 397, 421.

In any event, the legislative background of R. C. 2901.05(A) gives no hint that the adoption of the phrase "burden of going forward with the evidence" was intended to convey anything except the meaning consistently given to that phrase by numerous commentators, by those American courts using the term, and by the Technical Committee which originally proposed this section of the Revised Code. That meaning is, in the words of the committee comments, that when a defendant has the burden of going forward with evidence of an affirmative defense "if the evidence adduced by the defendant to establish his defense is sufficient to cast a reasonable doubt on the question of his guilt, then he should be acquitted, regardless of whether he has proved the substance of his defense by a preponderance of the evidence * * *."

is adequate to raise the self-defense issue, and, if believed, would under the legal tests applied to a claim of self-defense permit a reasonable doubt as to guilt, stemming from that claim, to arise. Having concluded as a matter of law that the self-defense issue is thus properly tendered, the trial court need only instruct the jury as to the elements of self-defense. He will have no occasion to speak of burden of proof other than to explain the State's burden of proving guilt beyond a reasonable doubt. If the evidence adduced, so viewed, is legally insufficient to raise the issue, the trial court will have no occasion or obligation to instruct the jury on the elements essential to a valid claim of self-defense, but rather will remove the issue of self-defense from jury consideration.''

We agree with the Court of Appeals that the charge to the jury was erroneous in imposing upon the defendant the burden of proving self-defense by a preponderance of the evidence, and that this error must be deemed prejudicial. The defendant admitted that he killed the deceased, and the sole issues in the case were those of mitigation and justification. It is noteworthy that the jury requested the trial court to redefine voluntary manslaughter and the law on self-defense, an indication that the jury considered those matters critical to their verdict. It is apparent that the erroneous placing of the burden of persuasion of self-defense upon the defendant was prejudicial.[11]

---

[11]The defendant also contends that it is unconstitutional to impose the burden of proving self-defense upon the defendant. In *Mullaney* v. *Wilbur* (1975), 421 U. S. 684, 44 L. Ed. 2d 508, the court held unconstitutional a Maine statute which required the defendant to prove by a fair preponderance of the evidence that he acted in the heat of passion on sudden provocation in order to reduce a homicide charge from murder to manslaughter. The court stated at 44 L. Ed. 2d, at pages 521-522:

"Maine itself requires the prosecution to prove the absence of self-defense beyond a reasonable doubt. * * * Satisfying this burden imposes an obligation that, in all practical effect, is identical to the burden involved in negating the heat of passion on sudden provacation." (Citation and footnote omitted.)

Because our decision in this case is based upon Ohio statutory law,

## II.

The Court of Appeals upheld the defendant's third assignment of error, viz., "[t]he trial court erred in failing to give the requested charge as to circumstantial evidence." The Court of Appeals noted that intent was a crucial issue in the case, and that the determination of intent, or motivation, was necessarily based upon circumstantial evidence. The finding as to whether the defendant's use of deadly force was reasonable under the circumstances also was based largely upon circumstantial evidence.

From the record in this case, it is not clear exactly what form of instruction upon circumstantial evidence was desired by defendant's counsel.[12] Since the evidence in this case included direct evidence such as the testimony of the defendant and that of other witnesses, as well as circumstantial evidence, we presume, for purposes of the new trial, that the defendant was requesting an instruction regarding a case based upon both direct and circumstantial evidence. *State* v. *Fairbanks* (1972), 32 Ohio St. 2d 34, 289 N. E. 2d 352, paragraph five of the syllabus, states:

"Where circumstantial evidence is a basis of the

we need not consider whether *Mullaney* might constitutionally mandate a similar result.

[12]The record contains only a single reference to that instruction, a brief colloquy at the bench:

"THE COURT: What was your other request for instruction?

"MR. BESSEY [defense counsel]: A charge on circumstantial evidence.

"MR. HAYES [assistant prosecutor]: I have no objection to that.

"THE COURT: Circumstantial evidence of what?

"MR. TYACK [defense counsel]: Based on the photographs showing the moving of the couch, the couch was moved. We would request a charge of what circumstantial evidence is. We feel the defendant is entitled to the benefit of the inference.

"MR. HAYES: I have no objection to a charge on circumstantial evidence.

"THE COURT: Well, there is not sufficient circumstantial evidence to justify a charge of circumstantial evidence. Everything—all the elements, except for the matters of self defense, have been omitted [*sic*, admitted] basically.

"MR. TYACK: I will abide by the ruling of the court."

state's case against a defendant; a proper jury instruction must include the admonition that both direct and circumstantial evidence are involved in the case, an explanation of direct evidence, and circumstantial evidence inferred from reasonably and justifiably connected facts, and an instruction that when both direct and circumstantial evidence are involved the combination must satisfy the jury of the defendant's guilt beyond a reasonable doubt.''

See, also, *State* v. *Corkran* (1965), 3 Ohio St. 2d 125, 209 N. E. 2d 437.

We agree with the Court of Appeals that the defendant was entitled to a jury instruction on circumstantial evidence.

### III.

The Court of Appeals also found that the defendant was prejudiced by erroneous and confusing instructions given by the trial court on the issue of the circumstances justifying the use of deadly force in self-defense. The state concedes that a portion of the charge was in error, but contends that the trial court corrected that error in further instructions, and that the charge as a whole did not prejudice the defendant.

This cause must be returned to the trial court for a new trial for the reasons stated above. Since the state concedes that the jury charge was partly in error, and it is unlikely that the question of whether the error was prejudicial will arise at the new trial, we need not pass upon that issue in this appeal.

### IV.

The judgment of the Court of Appeals is affirmed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, W. BROWN and P. BROWN, JJ., concur.

CELEBREZZE, J., concurs in the judgment.

CORRIGAN, J., dissents.

CORRIGAN, J., dissenting. After reading the syllabus, opinion and judgment of the majority, it is readily apparent that a review of the Ohio rules for the construction of statutes is desiderate.

In the construction of statutes the purpose of the court in every instance is to ascertain and give effect to the legislative intent. *Carter* v. *Youngstown* (1946), 146 Ohio St. 203. This court must look to the statute itself to determine legislative intent, and if such intent is clearly expressed therein, the statute may not be restricted, constricted, qualified, narrowed, enlarged or abridged. *Wachendorf* v. *Shaver* (1948), 149 Ohio St. 231.

This court has no legislative authority and should not make its duty of expounding statutes a cloak for supplying something omitted from an Act by the General Assembly. There is no authority under any rule of statutory construction to add to, enlarge, supply, expand, extend or improve the provisions of a statute to meet a situation not provided for. *State, ex rel. Foster,* v. *Evatt* (1944), 144 Ohio St. 65.

The statute under scrutiny here, R. C. 2901.05, effective January 1, 1974, in pertinent part, reads:

"(A) Every person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof is upon the prosecution. The burden of going forward with the evidence of an affirmative defense is upon the accused.

"* * *

"(C) As used in this section, an 'affirmative defense' is either of the following:

"* * *

"(2) A defense involving an excuse or justification peculiarly within the knowledge of the accused, on which he can fairly be required to adduce supporting evidence."

This statute merely reiterates the common-law principle which places upon the defendant the burden of going forward with an affirmative defense. The statute does not mention the degree of proof required for that affirmative defense, but the requirement of proof by a preponderance

of the evidence, for such affirmative defense, has been the common law of Ohio for well over 100 years. Rather, the statute strengthens the defendant's position, if he relies on a defense of excuse or justification peculiarly in his knowledge, by mandating that, under such defense, he can *fairly be required to adduce supporting evidence.* It must be borne in mind, also, that before a defendant in a homicide case can be required to establish self-defense by a preponderance of the evidence, the state must establish that the killing by him was an unlawful killing within the degree of the crime charged. *Taylor* v. *State* (1909), 12 C. C. (N. S.) 486, 21 C. D. 602.

The degree of proof for defense of self-defense necessary under Ohio common law was first established in 1871, in *Silvus* v. *State*, 22 Ohio St. 90. Thereafter, this doctrine of the common law was uniformly followed in all cases by Ohio courts, *e. g., Weaver* v. *State* (1874), 24 Ohio St. 584; *Turner* v. *State* (1891), 5 C. C. 537, 3 C. D. 263; *Carr* v. *State* (1900), 21 C. C. 43, 11 C. D. 353; *State* v. *Sappienza* (1911), 84 Ohio St. 63; *State* v. *Vancak* (1914), 90 Ohio St. 211; *Szalkai* v. *State* (1917), 96 Ohio St. 36; *Long* v.. *State* (1923), 109 Ohio St. 77.

In *State* v. *Seliskar* (1973), 35 Ohio St. 2d 95, this court said:

" ' "Self defense in Ohio * * * is regarded as affirmative defense," ' to be established ' "by preponderating evidence." ' *State* v. *Johnson* (1972), 31 Ohio St. 2d 106, 120. See *State* v. *Poole* (1973), 33 Ohio St. 2d 18.

" * * *

"Inasmuch as self-defense is an affirmative defense requiring proof by a preponderance of the evidence, it is incumbent upon a defendant claiming self-defense to offer evidence tending to establish that defense, including, if necessary, his own testimony. *State* v. *Champion* (1924), 109 Ohio St. 281. If a defendant cannot provide evidence on the issue of self-defense other than his own testimony, then, in order to avail himself of the defense, he must testify. In such event, the choice is that of the defendant,

and, once he has decided to rely on self-defense and is required by the circumstances to testify in order to prove that defense, he necessarily must waive his constitutional right to remain silent.''

The requirement was reasserted in connection with affirmative defenses, in *State* v. *Rogers* (1975), 43 Ohio St. 2d 28, 33:

''The defense of using reasonable force to effect a citizen arrest necessarily involves an allegation of excuse or justification, and is, therefore, an affirmative defense (R. C. 2901.05[C][2]) which places the burden of going forward with the evidence upon the accused (R. C. 2901.-05[A]) to prove that issue by a preponderance of the evidence. See *State* v. *Seliskar, supra* (35 Ohio St. 2d 95).''

Finally, unwittingly or otherwise, the majority has ignored a most pertinent rule of construction going to the heart of their thesis, namely, that: Statutes are to be read and construed in the light of and with reference to the rules and principles of common law in force at the time of their enactment, and in giving construction to a statute the General Assembly will not be presumed or held to have intended a repeal of the settled rules of common law unless the language employed by it clearly expresses or imports such intention. *State, ex rel. Morris,* v. *Sullivan* (1909), 81 Ohio St. 79.

This majority opus suggests a percussion march fantasy in which a ghost marches first, bearing the burden of proof to a regular drumbeat; then, nimbly pirouettes, with the newly discovered burden of persuasion, to the alternating notes of triangle and the glockenspiel; and, finally, marches past the reviewing stand in a serpentine glissade to the irregular, mixed, cacophonous beat of drums, cymbals and bells, bearing the burden of confusion. The common law on the question before us is clear; the rules of construction are clear; the statute is clear; the cases are clear; let us strive here for continuing clarity.

For the above reasons, I dissent from the syllabus, opinion and judgment of the majority.