William **WEBSTER,** Petitioner-Appellee,

v.

Ted **ENGLE,** Respondent-Appellant.

No. 81–3058.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 14, 1982.

Decided Nov. 21, 1983.

Dain N. DeVeny, Richard D. Drake, argued, Asst. Attys. Gen. of Ohio, Columbus, Ohio, for respondent-appellant.

Paul Mancino, Jr., argued, Cleveland, Ohio, for petitioner-appellee.

Before KEITH and JONES, Circuit Judges, and WEICK, Senior Circuit Judge.

NATHANIEL R. JONES, Circuit Judge.

The substantive issue presented by this appeal is whether the instructions upon which the jury convicted appellee Webster of murder and carrying a concealed weapon [1] improperly shifted to Webster the burden of proving that he acted in self-defense. Appellant, Warden Engle, appeals from the district court's order finding constitutional error in those instructions and granting appellee habeas corpus relief pursuant to 28 U.S.C. § 2254. Appellant also contends that the district court erred in granting collateral relief because Webster's substantive claim was barred for failure to object in a timely manner to the instructions and to raise the issue on appeal. Upon consideration of the procedural issues in this case, we hold that the district court improperly granted appellee habeas relief.

After Webster was convicted of murder and carrying a concealed weapon, he appealed to the Summit County Court of Appeals, Summit County, Ohio. The Court of Appeals affirmed his conviction, dismissing seven counts of error, none of which mentioned jury instructions. Webster's subsequent appeal to the Supreme Court of Ohio was similarly denied, as was his motion for leave to appeal. At no time in these state appellate channels did Webster raise the issue of jury instructions.

In his post-conviction petition pursuant to ORC § 2923 et seq., Webster finally raised the self-defense, jury instruction issue. The Ohio Supreme Court denied the petition, stating that Webster alleged no substantial constitutional question. On May 23, 1979, Webster filed a petition for habeas relief, alleging seven errors. The district court granted relief on one ground, finding constitutional error in the trial court's charge on the affirmative defense of self-defense.

■ The initial question on appeal, however, is whether the district court properly reached that substantive issue over the appellee's failure to object to the instructions or to appeal their use in a timely fashion. The record reveals that Webster requested the judge to charge the jury consistently with Ohio's most recent interpretation of Ohio Rev.Code Ann. § 2901.05 in *State v. Robinson,* 47 Ohio St.2d 103, 351 N.E.2d 88 (1976) [2]:

> Are you going to instruct then on preponderance of the evidence, that the defendant is obligated to go forward?

The court agreed to depart from the established jury instructions and to charge the jury in accordance with *Robinson.* The court then informed Webster that it would "permit you to take your exceptions to the charge if you object." When Webster's counsel agreed, the court instructed the jury in pertinent part on the issue of self-defense:

> The defendant must establish that the other person or persons were the aggressors, and the defendant did not himself, provoke and cause the injury
>
> ... The defense of self-defense is an affirmative defense, and the Defendant has the burden of going forward with the evidence.

After these instructions were read to the jury, the Judge asked counsel whether they requested any additions or corrections to the charge. Webster's attorney responded that he had, "none, except as previously stated."

We find that these statements are insufficient to satisfy the requirements of the Ohio contemporaneous objection rule. Rule

---

1. Appellee was convicted under ORC § 2903.02 (murder) and § 2923.12 (carrying a concealed weapon).

2. In *Robinson,* the Ohio Supreme Court concluded that Ohio Rev.Code Ann. § 2901.05(A) changed the controlling common law rule for allocating the burden of proof in criminal cases. *Robinson* held that when a criminal defendant raises an affirmative defense, the defendant only has the burden of going forward with evidence sufficient to create an issue of that defense. After such evidence is presented, the prosecution must demonstrate beyond a reasonable doubt the guilt of the defendant, even to the extent of disproving affirmative defenses.

30 of the Ohio Rules of Criminal Procedure provides:

> No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection.

This Ohio contemporaneous objection rule departs significantly from the Federal Rule in that Ohio requires a "specific" statement of the grounds for the objection before the jury retires. See e.g. *State v. Lane,* 49 Ohio St.2d 77, 358 N.E.2d 1081 (1976); *State v. Lockett,* 49 Ohio St.2d 48, 358 N.E.2d 1062 (1976). In the case at bar, the trial judge charged the jury in accordance with Webster's timely request that the instructions on the defense of self-defense conform to *Robinson.* After the charge, Webster stood by his earlier request, and never objected to the instruction to the jury that suggested that he would have to "establish that the other person or persons were the aggressors." The failure to state "specifically" this ground for his objection to the charge at trial is a violation of Ohio Rule 30. The record indicates that Webster's "objection" to the jury instructions in this case was not contemporaneous with the charge.

Although Webster did not comply with the requirements of Ohio Rule 30, he may nevertheless challenge the jury instructions if he can demonstrate cause and actual prejudice. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). In *Wainwright,* the Supreme Court held that, absent a showing of cause and prejudice, a federal court must not address contentions of federal law which were not considered on the merits in the state proceedings because the defendant failed to raise them in accordance with state procedural rules. The court deliberately left "open for resolution in future decisions the precise definition of the 'cause—and—prejudice' standard." 433 U.S. at 87, 97 S.Ct. at 2507.

We initially reaffirm our position in *Berryman v. Colbert,* 538 F.2d 1247 (6th Cir. 1976), wherein this Court held that a federal court may hear an otherwise procedurally barred claim where the state court does not invoke its own procedural rule and proceeds to address the merits. On the particular facts of this case, however, we are unable to find evidence that the state court declined to invoke its own procedural bar. Appellee did not raise, and the state courts did not consider, the jury instruction issue until the post-conviction petition. The state court denied that petition, asserting that appellee had not alleged a "substantial constitutional question." We cannot here infer the state court's willingness to ignore its own procedural bar. This one response is simply too vague and ambiguous to permit us to do so. Accordingly, we are unable to hear the appellee's substantive claims absent a showing of cause and actual prejudice.

We must address, therefore, the question of whether the incidents of this case rise to the level of cause and actual prejudice such that appellee's substantive claims would not be procedurally barred. In *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), the Supreme Court did not find "cause" in the defendant's alleged lack of awareness of this identical constitutional claim. 456 U.S. at 134, 102 S.Ct. at 1575. The defendant in the instant case explicitly requested that the trial court instruct the jury in accord with the most recent Ohio interpretation of § 2901.05 in *Robinson.* Webster had ample opportunity to raise a specific objection to the charge at trial. Furthermore, the appellee has not provided us with, nor can we find, any good "cause" for his failure to raise this claim throughout the state appellate process. The actual circumstances surrounding the procedural default, therefore, do not meet the requirement of "cause." See *Wainwright v. Sykes,* 433 U.S. at 91, 97 S.Ct. at 2508.

The Supreme Court in *Isaac,* however, implied that "victims of a fundamental miscarriage of justice will meet the cause-and-prejudice standard." 456 U.S. at 135, 102 S.Ct. at 1575. The district court granted federal habeas relief because the trial court's instructions impermissibly placed upon the defendant the burden of proving that he was the "aggressor." Ohio law

requires that a criminal defendant only has the burden of going forward with evidence sufficient to create an issue of an affirmative defense. *State v. Robinson,* 47 Ohio St.2d 103, 351 N.E.2d 88 (1976). The prosecution must bear the burden of proving beyond a reasonable doubt the guilt of the defendant and the absence of affirmative defenses. Appellee claimed before the district court that the trial court placed upon him the burden of proving beyond a reasonable doubt an essential element of his affirmative defense.

The fact that the trial court's instructions may have violated state law, however, does not, without more, justify federal habeas relief for a "fundamental miscarriage of justice." Mere errors of state law at trial generally are not cognizable in a habeas corpus action. *Engle v. Isaac,* 456 U.S. at 121 n. 21, 102 S.Ct. at 1568 n. 21. *See also Bell v. Arn,* 536 F.2d 123 (6th Cir.1976); *Reese v. Cardwell,* 410 F.2d 1125 (6th Cir.1969). In order to obtain habeas relief, the defendant must prove a violation of the federal constitution.

The Supreme Court has held that a claim charging only a violation of O.R.C. § 2901.-05 "does no more than suggest that the instructions at respondent's trial may have violated state law." *Isaac,* 456 U.S. at 120, 102 S.Ct. at 1567. In *Isaac,* the court declared that due process is satisfied when the state is required to prove beyond a reasonable doubt each and every element of the crime as it is defined. The court reasoned that Ohio had chosen to assume the burden of disproving an affirmative defense, but had not defined the absence of the defense as an element of the crime. Due process, the court concluded, does not require a state to meet any further burden than it chooses to assume. *Id.* Even the trial court's failure to instruct in accord with the *Robinson* decision's interpretation of § 2901.05, therefore, clearly could not be an adequate foundation for habeas relief.

The *Isaac* decision, however, suggests that Webster may have a "colorable constitutional claim." 456 U.S. at 135, 102 S.Ct. at 1575. That claim is based on the conten-

tion that the crime of murder, which requires knowing or purposeful behavior, implies the element of culpability which is necessarily absent when one acts in self-defense. The state, then, must prove the absence of self-defense as part of its burden to establish the requisite *mens rea.* Although several circuits have recently adopted this analysis, *see e.g. Tennon v. Ricketts,* 642 F.2d 161 (5th Cir.1981); *Holloway v. McElroy,* 632 F.2d 605 (5th Cir.1980) *cert. denied,* 451 U.S. 1028, 101 S.Ct. 3019, 69 L.Ed.2d 398 (1981); *Wynn v. Mahoney,* 600 F.2d 448 (4th Cir.), *cert. denied,* 444 U.S. 950, 100 S.Ct. 423, 62 L.Ed.2d 320 (1979), this Court has not fully resolved the issue.

We can envision a set of circumstances wherein the defendant's showing of a fundamental miscarriage of justice would satisfy *Wainwright's* cause and actual prejudice standard. That standard is a conjunctive one. Because we are compelled by the circumstances presented to find the appellee's failure to object to the jury charge or to appeal its use in a timely fashion to be without "cause," we need not resolve the "prejudice" question. We find, therefore, that appellee's substantive claims are barred because of a procedural default which, in this case, is not excused by "cause." Our resolution of these issues in this manner obviates the need to address the additional issue of whether the district court properly amended its habeas corpus petition.

We hold that the district court improperly granted the appellee's application for that petition. Accordingly, the order of the district court is reversed and the writ of habeas corpus is hereby DENIED.