OPINION
Defendant-appellant Paul W. McNeely appeals the Judgment Entry of the Coshocton County Court of Common Pleas dismissing his Petition to Vacate or Set Aside Sentence. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On December 30, 1976, appellant was indicted on one count of murder of a law enforcement officer, a capital offense. After a change of venue from Coshocton County to Holmes County, the case was tried to a jury which returned a verdict of guilty of aggravated murder with specifications.
On July 12, 1997, the trial court conducted a hearing to determine the presence of mitigating circumstances. Thereafter, on July 19, 1977, the trial court rendered a decision that no mitigating circumstances existed and invoked the death penalty. This Court affirmed appellant's conviction and sentence.[1]
On August 17, 1978, appellant's death penalty sentence was commuted to a life sentence pursuant to judgment of the United States Supreme Court in Lockett v. Ohio and Bell v. Ohio.
On September 19, 1996, appellant filed a Petition to Vacate or Set Aside Sentence alleging ineffective assistance of trial counsel. In his petition, appellant claimed his trial counsel were ineffective in failing to advance a claim of diminished capacity. Via Judgment Entry dated March 11, 1997, the trial court dismissed appellant's petition finding appellant had failed to submit any evidentiary material supporting his claim of ineffective assistance of counsel.
It is from this Judgment Entry appellant prosecutes this appeal raising the issue of ineffective assistance of counsel.[2]
Appellant alleges that his trial counsel was ineffective in failing to advance a claim of diminished capacity pursuant to the United States Supreme Court decision in Jackson v. Virginia
(1979), 99 S.Ct. 2781; 443 U.S. 307; 61 L.Ed.2d 560. We begin by noting that Jackson was decided on June 28, 1979, almost two years after appellant's original sentence and more than one year after this Court's decision affirming appellant's conviction and sentence. An attorney cannot be considered ineffective for failing to put forth arguments based upon future changes in existing case law.
We have reviewed Jackson v. Virginia. Therein, the United States Supreme Court noted in a footnote that, under Virginia law, voluntarily intoxication although not an affirmative defense to second-degree murder is material to the element of premeditation and may be found to have negated it. Id. at 2785. We find such law is substantially similar to that existing in Ohio at the time of trial as embodied in State v. Robinson (1976), 47 Ohio St.2d 103.
In his first appeal to this Court, appellant's counsel claimed the trial court failed to properly instruct the jury on the defense of intoxication and mental impairment in accordance with Robinson. This Court rejected that argument. We find the instant claim, though now captioned as "diminished capacity", to be essentially the same one raised in appellant's first appeal. We overrule this assignment of error on the basis of res judicata.
The judgment of the Coshocton County Court of Common Pleas is affirmed.
By: Hoffman, J., Gwin, P.J. and Reader, J. concur
 JUDGMENT ENTRY
CASE NO. 97CA7
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Coshocton County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] See, State v. McNeely (March 1, 1978), Holmes App. No. Ca 307, unreported.
[2] In his brief to the Court, appellant did not include a statement of the assignment of error presented for review as required by App. R. 16 (A) (3).