DECISION AND JUDGMENT ENTRY
When appellant, Opal Covey, was evicted from her East Toledo thrift store, she sued her landlord, the city, the electric company, and appellee, Harold Bruce, who directed the removal of appellant's belongings from the building. All parties except appellee Bruce were eventually dismissed from the suit.
Appellant alleged that appellee's malicious disregard for her property resulted in damage to the property. She sought $250,000 in compensatory damages and a like amount in punitive damages.
When appellee failed to appear for trial, the court granted appellant a default judgment on the liability issue. Following a bench trial to determine damages, the court awarded appellant $800. The court denied punitive damages. Appellant now appeals this judgment, arguing, in three assignments of error[1], that she should have been awarded the full amount of the damages she sought.
Pursuant to 6th Dist.Loc.App.R. 12(C), we sua sponte
transfer this matter to our accelerated docket and, hereby, render our decision.
In civil cases, the plaintiff bears the burden of proof to establish all the elements necessary to sustain a claim.Felger v. I-Deal Auto Sales (Oct. 31, 1997), Van Wert App. No. 15-97-6, unreported. When the burden of proof is on a party for a given issue, that party will lose on that issue as a matter of law if he or she fails to come forward with evidence which tends to prove that issue. State v. Robinson (1976), 47 Ohio St.2d 103,107, citing Thayer, The Burden of Proof (1890), 4 Harv.L.Rev. 45.
Here, appellant presented no evidence of malice under claims for punitive damages and only identified the dollar value of one item damaged — a desk worth $800. On this evidence we cannot say that the trial court erred in limiting the damages awarded as it did. Accordingly, appellant's Assignments of Error Nos. One, Two and Three are found not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
[1] A fourth assignment of error, which appears to challenge the court's determination that the defendant city of Toledo Police Department was entitled to governmental immunity, was not separately briefed as required by App.R. 16(A) and may, therefore, be disregarded. App.R. 12(A)(2); State v. Rivers (1977),50 Ohio App.2d 129, 134.