[Cite as *State v. Peters*, 2011-Ohio-3132.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 10-CA-36 |
| BRANDY S. PETERS | : | NUNC PRO TUNC |
| | : | (JUDGMENT ENTRY ONLY) |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Ashland County Municipal
                             Court Case No. 2010-CRB-352


JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      June 20, 2011


APPEARANCES:

For Plaintiff-Appellee:                For Defendant-Appellant:

W. DAVID MONTAGUE 0015204              THOMAS L. MASON 0041663
Assistant Director of Law              Mason, Mason, & Kearns
1213 E. Main St.                       153 W. Main St., P.O. Box 345
Ashland, Ohio 44805                    Ashland, Ohio 44805

*Delaney, J.*

{¶1}     Defendant-Appellant, Brandy Peters, appeals the judgment of the Ashland County Municipal Court, convicting her of one count of theft, in violation of R.C. 2913.02(A)(1).  The State of Ohio is Plaintiff-Appellee.

{¶2}     On April 28, 2010, Appellant entered a Buehler's grocery store in Ashland, Ohio.  While in the store, she picked up several items, including a bottle of Hyland's Gas Relief, which she claimed was for her eight month old son, a tube of lip gloss, and a bottle of nail polish, which she concealed and did not pay for.  She also picked up a box of hair dye, a baby bottle, and prescriptions, which she paid for at the pharmacy counter.  She then took some hair clips and paid for them at a register at the front of the store.

{¶3}     During this whole time, she was under surveillance on camera by loss prevention officer, Jack Raney.  Mr. Raney observed Appellant place the gas relief box in the bag after she paid for her items as she attempted to leave the store.  Mr. Raney approached Appellant outside of Buehler's and escorted Appellant into the loss prevention office, where the lip gloss and nail polish were removed from her purse and the box of gas relief was taken out of the Buehler's bag.  Appellant offered to pay for the items, claiming that she "forgot" to pay for them and that she had the money to do so.

{¶4}     She also testified at trial that she had been taking one milligram of Xanax, three times a day, for approximately a month, and that she sometimes forgot things.  She claimed that she simply forgot to pay for those items.

{¶5} The jury convicted Appellant of theft and the trial court sentenced Appellant to serve 90 days in jail, but 60 days were suspended. She was also ordered to stay away from Buehler's.

{¶6} Appellant now appeals the judgment of the trial court and raises two Assignments of Error:

{¶7} "I. THE COURT COMMITTED PREJUDICIAL ERROR BY NOT ALLOWING DEFENSE COUNSEL IN FINAL ARGUMENT TO ARGUE THE EFFECT OF A PRESCRIPTION DRUG ON THE DEFENDANT'S MENS REA.

{¶8} "II. THE PROSECUTION UNCONSTITUTIONALLY ENTERED EVIDENCE THAT THE APPELLANT HAD REQUESTED AN ATTORNEY."

I.

{¶9} Appellant first argues that the trial court erred by not allowing defense counsel to argue the effect of Appellant's medication on her mental status during closing argument. We disagree.

{¶10} An abuse of discretion standard applies in reviewing rulings related to closing arguments. *Pang v. Minch* (1990), 53 Ohio St.3d 186, 194, 559 N.E.2d 1313. Thus, an appellate court will not reverse a trial court's ruling absent an abuse of discretion. *State v. Myers*, 97 Ohio St.3d 335, 348, 2002-Ohio-6658, ¶75. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219. Absent an abuse of discretion resulting in material prejudice to the defendant, a reviewing court should be reluctant to interfere with a trial

court's decision in this regard.  *State v. Hymore* (1967), 9 Ohio St.2d 122, 224 N.E.2d 126.

{¶11}  Ohio does not acknowledge diminished capacity as a valid defense.  *State v. Fulmer*, 117 Ohio St.3d 319, 2008-Ohio-936, 883 N.E.2d 1052.  Moreover, in order for a defendant to present a valid affirmative defense, "'evidence of a nature and quality sufficient to raise the issue must be introduced, from whatever source the evidence may come.' Evidence is sufficient where a reasonable doubt of guilt has arisen based upon a claim of the defense." *State v. Melchior* (1978), 56 Ohio St.2d 15, 20, 10 O.O.3d 8, 381 N.E.2d 195, quoting *State v. Robinson* (1976), 47 Ohio St.2d 103, 111-112, 351 N.E.2d 88. The court stated, however, "[i]f the evidence generates only a mere speculation or possible doubt, such evidence is insufficient to raise the affirmative defense, and submission of the issue to the jury will be unwarranted." Id.

{¶12}  In the present case, there was not sufficient evidence for defense counsel to argue an affirmative defense, nor did they request an instruction on an affirmative defense at any point in the trial.  As such, it was within the trial court's discretion to exclude mention of the effect of Xanax on Appellant while she was in the store.

{¶13}  Moreover, there was sufficient evidence to show that Appellant had her faculties about her while in the store.  Twice, she approached two different registers to pay for items that she had picked up in the store.  Additionally, when she was detained by Mr. Raney, she offered to pay for the items.  She claimed that the drug caused her memory loss, but she was able to recall at trial, with detail, the events that occurred on April 28, 2010, including that she had placed the gas relief tablets in her back pocket so that people would be able to see them and know that she was not trying to steal them,

and that she placed the nail polish and lip gloss in her purse so that she would not forget to pay for them. Such testimony is inconsistent with Appellant's argument on appeal.

{¶14} We find no error by the trial court.

{¶15} Appellant's first assignment of error is overruled.

II.

{¶16} In Appellant's second assignment of error, she argues that the trial court erred in allowing the prosecutor to question her about her statement in asking for an attorney when she was taken into the loss prevention office after she was detained by Mr. Raney.

{¶17} Trial courts are granted broad discretion with respect to the admission or exclusion of evidence at trial. *State v. Sage* (1987), 31 Ohio St.3d 173, 180, 510 N.E.2d 343, 348. Thus, an appellate court will not reverse a trial court's ruling absent an abuse of discretion. *State v. Myers,* supra.

{¶18} Moreover, Appellant did not object to the complained about testimony at trial, and therefore we review this claim under a plain error standard of review. Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The rule places several limitations on a reviewing court's determination to correct an error despite the absence of a timely objection at trial: (1) "there must be an error, i.e., a deviation from a legal rule," (2) "the error must be plain," that is, an error that constitutes "an 'obvious' defect in the trial proceedings," and (3) the error must have affected "substantial rights" such that " the trial court's error must have affected the outcome of the trial." *State v.*

*Morales*, 10th Dist. Nos. 03-AP-318, 03-AP-319, 2004-Ohio-3391, at ¶19, quoting *State v. Barnes* (2002), 94 Ohio St.3d 21, 27, 759 N.E.2d 1240; *State v. Gross*, 97 Ohio St.3d 121, 776 N.E.2d 1061, 2002-Ohio-5524, ¶ 45. The decision to correct a plain error is discretionary and should be made "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Barnes*, supra, quoting *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus.

{¶19} The Fifth Amendment guarantees an accused the right to remain silent during their criminal trial and prevents the prosecution for commenting on the silence of a defendant who asserts the right. *Griffin v. California*, 380 U.S. 609, 614, 85 S.Ct. 1229, 1232, 14 L.Ed.2d 106 (1965). In this case, Appellant did not remain silent throughout the criminal proceedings. Instead, she voluntarily took the witness stand in her own defense.

{¶20} The Fifth Amendment is not violated when a defendant who testifies in their own defense is impeached with their prior silence. *Raffel v. United States* (1926), 271 U.S. 494, 46 S.Ct. 566, 70 L.Ed. 1054.

{¶21} Appellant's request for an attorney was not brought out until she was cross-examined by the State at trial. Accordingly, she waived her right to silence and was subject to having her credibility impeached just as any other witness in a case.

{¶22} Appellant's second assignment of error is overruled.

{¶23}  For the foregoing reasons, the judgment of the Ashland County Municipal

Court is affirmed.

By: Delaney, J. and

Gwin, P.J.

Hoffman, J. concurs separately

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

*concurring*

{¶24} I concur in the majority's analysis and disposition of Appellant's second assignment of error.

{¶25} I further concur in the majority's disposition of Appellant's first assignment of error. However, given the fact Appellant testified, without objection, as to the effect Xanax had on her (more specifically, memory loss) during both direct examination (Tr. p. 60-62) and cross-examination (Tr. p. 68-69), I find the trial court erred in refusing to allow Appellant's counsel to argue the same in closing argument. However, in light of all the evidence as noted in the majority's opinion, I find the error to be harmless.

_____
HON. WILLIAM B. HOFFMAN

[Cite as *State v. Peters*, 2011-Ohio-3132.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| BRANDY S. PETERS | : | |
| | : | |
| Defendant-Appellant | : | Case No. 10-CA-36 |
| | : | |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland County Municipal Court is affirmed. Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN