THE STATE OF OHIO, APPELLEE, *v.* ABNER, APPELLANT.

[Cite as State v. Abner (1978), 55 Ohio St. 2d 251.]

(No. 77-1231—Decided August 2, 1978.)

252

*Mr. Anthony G. Pizza,* prosecuting attorney, and *Mr. Robert J. Gilmer,* for appellee.

*Messrs. Casey & Slaybod, Ms. Julia K. Casey* and *Mr. Sheldon M. Slaybod,* for appellant.

HERBERT, J. Appellant states that in a criminal case wherein the defendant presents evidence of a nature and quality sufficient to raise the issue of self-defense, the trial court must instruct the jury that the prosecution bears the burden of proving, beyond a reasonable doubt, the absence of self-defense. We disagree.

Appellant cites this court's construction of R. C. 2901.-05(A) in *State* v. *Robinson* (1976), 47 Ohio St. 2d 103, 351 N. E. 2d 88. R. C. 2901.05(A) provides:

"Every person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof is upon the prosecution. The burden of going forward with the evidence of an affirmative defense is upon the accused."

This court held in *Robinson* that in a criminal case involving the affirmative defense of self-defense, the defendant need only go forward with evidence of a nature and quality sufficient to raise this defense and does not have the burden of establishing it by a preponderance of the evidence. As indicated in *Robinson,* if it has been determined as a matter of law that the issue of self-defense has been properly presented, a trial court should instruct the jurors as to the elements of that defense. In such case, the trial court has no occasion to speak of the burden of proof other than to explain the prosecution's burden of proving guilt beyond a reasonable doubt. The holding in *Robinson* does not mandate instruction that the prosecution must carry the burden of proving an absence of self-defense.[2]

Once the affirmative defense of self-defense has been

---

[2]In addition to *State* v. *Robinson* (1976), 47 Ohio St. 2d 103, 351 N. E. 2d 88, appellant relies upon *dicta* found in *State* v. *Woods* (1976), 48 Ohio St. 2d 127, 135, 357 N. E. 2d 1059, and *State* v. *Humphries* (1977), 51 Ohio St. 2d 95, 101, 364 N. E. 2d 1354. The holding in none of these cases requires the result sought by appellant.

properly raised, the trier of fact must consider it and all the evidence in the case and if, after so doing, the trier entertains a reasonable doubt of the defendant's guilt he must be acquitted. On the other hand, if the trier of fact considers all of the evidence in the case, including the properly raised affirmative defense of self-defense, and entertains no reasonable doubt of the defendant's guilt, he must be convicted. *State* v. *Chase* (1978), 55 Ohio St. 2d 237, 378 N. E. 2d 1064. Therefore, where the defendant has gone forward with evidence of a nature and quality sufficient to raise the defense of self-defense, it is not error for a trial court to refuse a jury instruction that the state must prove beyond a reasonable doubt that the defendant did not act in self-defense.

Appellant contends also that a jury instruction charging that the defendant had the obligation to go forward with evidence sufficient to "convince" the jury that his defense of self-defense is valid places upon the defendant an impermissible burden and constitutes reversible error.

The instant trial court instruction declared: "* * * [The defendant] simply has the obligation of raising the [self-defense] issue, and going forward with sufficient evidence to convince you that it was a valid defense." We agree with the Court of Appeals that the last portion of this instruction was erroneous. This latter passage ("and going forward with sufficient evidence to convince you that it was a valid defense") relates to a legal issue for determination by the trial judge.

Nevertheless, upon our examination of the record we agree further with the Court of Appeals that this was not reversible error under the facts of the cause at bar. We are not persuaded upon this record, and in light of the court's complete charge, that the jury was misled to appellant's prejudice. *Chapman* v. *California* (1967), 386 U. S. 18, and *State* v. *Bayless* (1976), 48 Ohio St. 2d 73, 106, 357 N. E. 2d 1035. Contrary to appellant's conclusion, the charge did not require him to bear the burden of producing such convincing proof as to demonstrate his self-defense beyond a reasonable doubt.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, P. BROWN and SWEENEY, JJ., concur.

LOCHER, J., concurs in the judgment only.

O'NEILL, C. J., and W. BROWN, J., concur in the syllabus but dissent from the judgment.

O'NEILL, C. J., dissenting. I concur in the syllabus, but dissent from the judgment of the court.

The instruction that the defendant had the "obligation" of "going forward with sufficient evidence" to "convince" the jury that the affirmative defense was "valid" imposed on the defendant a greater burden of proof than the law requires. This was error, for the defendant's only responsibility in respect to an affirmative defense is to produce evidence of a nature and quality sufficient to raise that defense. R. C. 2901.05(A). *State* v. *Chase* (1978), 55 Ohio St. 2d 237; *State* v. *Humphries* (1977), 51 Ohio St. 95, 364 N. E. 2d 1354; *State* v. *Robinson* (1976), 47 Ohio St. 2d 103, 351 N. E. 2d 88. If the instruction was erroneous in this regard, then the error requires reversal, for an instruction that imposes upon a criminal defendant a greater burden of proof than the law requires constitutes reversible error. *State* v. *Chase, supra; State* v. *Hauser* (1920), 101 Ohio St. 404, 407, 131 N. E. 66; *Kelch* v. *State* (1896), 55 Ohio St. 146, 45 N. E. 6.

In *Kelch* v. *State, supra,* the defendant, charged with first-degree murder, asserted the defense of insanity. As the law stood then, the defense of insanity required proof by a preponderance of the evidence. The trial judge gave a correct instruction to that effect, but he also said that the proof must "satisfy" the jury that the defendant was insane at the time the offense was committed. The court reversed the defendant's conviction, holding that "[t]he *quantum* of evidence to establish insanity made necessary

by this instruction is substantially greater than a preponderance.''

The word "convince" is at least as strong as the word "satisfy." If the use of the word "satisfy" is erroneous in a case where the jury is required to convict unless the affirmative defense is established by a preponderance of the evidence, then surely the use of the word "convince" is erroneous where the jury is required to acquit if all the evidence as to an affirmative defense is such that the jury, upon consideration of that evidence, entertains a reasonable doubt of defendant's guilt. In *Kelch*, the court reversed even though the trial judge had given both a correct and an incorrect instruction on the issue of the affirmative defense whereas in the present case, the only pertinent instruction was an incorrect one. I think *Kelch* controls, and requires reversal in the present case. Therefore, I respectfully dissent from the judgment.

W. Brown, J., concurs the foregoing concurring and dissenting opinion.