DECISION AND JUDGMENT ENTRY
{¶ 1} David Neal appeals his conviction in the Highland County Court of Common Pleas on one count of aggravated robbery. Neal contends that the trial court erred when it refused to provide the jury with instructions on self-defense. Because Neal failed to produce sufficient evidence tending to prove the elements of self-defense, we disagree and affirm the judgment of the trial court.
 {¶ 2} On July 7, 2002, Deputy Sheriff Todd Whited responded to a domestic violence call at Neal's home. Upon arriving at the home, Neal's daughter, Jessica, greeted Whited and claimed Neal attacked her. Observing scratches on Jessica's face, Whited proceeded to the back of the house to arrest Neal.
 {¶ 3} At trial, Whited testified that he advised Neal he was under arrest. Neal began approaching Whited, causing Whited to step back toward the house. Whited repeatedly warned Neal to cease approaching him, but Neal continued to move forward in an assertive manner. Whited then maced Neal. Neal then began to walk away from Whited and the officer attempted to bring Neal to the ground in order to arrest him. However, Neal rose from the ground and began to walk away from Whited.
 {¶ 5} Neal then walked toward a skid of bricks. As Whited approached Neal to arrest him, Neal grabbed Whited's handcuffs. Whited warned Neal to give back the handcuffs or he would be forced to strike Neal with his asp baton. Neal then threw his arm in a striking motion toward Whited. Whited again warned Neal to return the handcuffs or Whited would strike him with the asp baton. Neal failed to comply and Whited struck Neal three times on the rear of his right leg. When Neal failed to go down on the ground after being struck with the asp baton, Whited kneed him three times in the rear of his left leg.
 {¶ 6} Despite being struck in both legs, Neal walked away from Whited. Whited attempted to hold onto Neal as he moved away. Neal shoved the officer and walked toward a picnic table. Whited attempted to push Neal down onto the picnic table in order to arrest him. Neal was able to get one arm free from Whited and attempted to reach for a clay flower pot. Then Neal grabbed the asp baton out of Whited's hand. At this time, Whited was able to regain control of the handcuffs.
 {¶ 7} Whited advised Neal to return the baton or he would be forced to shoot. Shane Jordan, Jessica's boyfriend, yelled for Whited not to shoot Neal. Whited responded that he would be forced to shoot Neal if he did not return the baton. Whited then requested Shane's assistance. Shane assisted Whited in getting the baton away from Neal and Whited was able to handcuff and arrest Neal.
 {¶ 8} The State originally charged Neal with misdemeanor domestic violence and resisting arrest. However, the State dropped the domestic violence charge after Jessica admitted she scratched her own face and filed a false police report in order to have Neal arrested after a family argument. A grand jury indicted Neal for aggravated robbery pursuant to R.C. 2911.01(B) and assault on a peace officer pursuant to R.C. 2903.13(A).
 {¶ 19} At trial, Neal claimed he acted in self-defense. Neal argued that he grabbed the baton in order to stop Whited from continuing to beat him. Jessica and Shane testified on behalf of Neal. Neal's wife, Christine, who was present during the arrest, also testified. Finally, Neal testified in his own defense. Neal also introduced a home video documenting the bruises on his legs. The video was shot four days after the arrest.
 {¶ 20} Christine and Shane testified that the officer never advised Neal that he was under arrest. However, they and Jessica testified that the officer ordered Neal to put his hands behind his back. Neal initially testified that he did not understand that he was under arrest, but then admitted on cross-examination that he knew Whited was attempting to arrest him. Neal stated that he refused to submit to the arrest because he knew "what they do, they take you right straight to the cruiser and straight to jail * * *."
 {¶ 21} Neal also testified that he grabbed the asp baton from Whited in order to avoid being beaten. On direct examination, Neal stated: "* * * I had a fear that [Whited] was going to hurt me with [the baton], and I just needed, I just wanted to stop it, I had no idea that a cop can come in and beat you and if you stop him that it's a first degree or second degree felony, I had no idea, I just tried to stop it from happening." He also testified that he never attempted to assault Whited with the baton, but held the baton to his chest in order to avoid Whited regaining control of it.
 {¶ 22} Neal requested the trial court instruct the jury on self-defense for both aggravated robbery and assault of a peace officer. The State opposed the instructions on the grounds that: (1) self-defense is inapplicable to a R.C. 2911.01(B) aggravated robbery charge; and (2) Neal failed to establish sufficient evidence of self-defense as applied to the charge of assaulting a peace officer. The trial court denied Neal's request for a jury instruction on self-defense. The court found that self-defense is not a defense to aggravated robbery pursuant to R.C. 2911.01(B) and that, as to the assault charge, Neal failed to provide sufficient evidence required to sustain a self-defense because: (1) the arrest was lawful; (2) Whited did not engage in excessive force; (3) Neal was at fault in creating the situation; and (4) Neal improperly attempted to contradictorily argue both selfdefense and that he never committed the offense of assault.
 {¶ 23} On September 16, 2003, the jury found Neal guilty of aggravated robbery and not guilty of assault on a peace officer. The trial court sentenced Neal to three years imprisonment.
 {¶ 24} Neal appeals and assigns the following assignments of error: "[I.] The trial court committed prejudicial error when it failed to charge the jury on selfdefense in the aggravated robbery count. [II.] The trial court committed prejudicial error when it pre-empted the trier of fact from determining whether excessive force was used.
 II. {¶ 25} In his first assignment of error, Neal argues that the trial court erred when it found that the affirmative defense of self-defense is inapplicable to R.C. 2911.01(B). However, because Neal failed to produce sufficient evidence of his self-defense claim, he was not entitled to a jury instruction on self-defense even if R.C. 2911.01(B) permits such a defense. Therefore, any possible error is harmless and the assignment of error is without merit.
 {¶ 26} "A criminal defendant has the right to expect that the trial court will give complete jury instructions on all issues raised by the evidence." State v. Cousins (Aug. 14, 1991), Ross App. No. 1735. Generally, a trial court should give a proposed jury instruction if it is a correct statement of the law and is applicable to the facts of the particular case. Murphy v.Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585, 591. Our review is de novo. State v. Depew, Ross App. No. 00CA2562, 2002-Ohio-6158, at ¶ 24 ("`While a trial court has some discretion in the actual wording of an instruction, the issue of whether an instruction is required presents a question of law for de novo review.'"), quoting State v. Powell (Sept. 29, 1997), Ross App. No. 96CA2257.
 {¶ 27} Under Ohio law, self-defense is an affirmative defense. State v. Williford (1990), 49 Ohio St.3d 247, 249. A defendant must meet the burden of going forward with evidence of a nature and quality sufficient to raise an affirmative defense. See R.C. 2901.05; State v. Cross (1979), 58 Ohio St.2d 482, fn. 5; State v. Abner (1978), 55 Ohio St.2d 251. The trial court, as a matter of law, cannot give a jury instruction on an affirmative defense if a defendant fails to meet this burden. See, Cross at fn. 5; Abner at 253-254; State v. Melchior
(1978), 56 Ohio St.2d 15, 20; State v. Toth (1977),52 Ohio St.2d 206, 212.
 {¶ 28} "The proper standard for determining in a criminal case whether a defendant has successfully raised an affirmative defense under R.C. 2901.05 is to inquire whether the defendant has introduced sufficient evidence which, if believed, would raise a question in the minds of reasonable men concerning the existence of such issue." Melchior at paragraph one of the syllabus. A trial court does not err by refusing to instruct on self-defense when the defendant fails to produce sufficient evidence to support that defense. State v. Nichols, Scioto App. No. 01CA2775, 2002-Ohio-415.
 {¶ 29} In order to establish self-defense, Neal had to show: "(1) the defendant was not at fault in creating the situation giving rise to the affray; (2) the defendant had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) the defendant must not have violated any duty to retreat or avoid the danger." State v.Powell (Sept. 29, 1997), Ross App. No. 96CA2257, citing Statev. Robbins (1979), 58 Ohio St.2d 74, paragraph two of the syllabus.
 {¶ 30} Here, the trial court found, in part, that Neal was not entitled to a jury instruction on self-defense because he was at fault in creating the situation giving rise to the affray. While the trial court used this finding to deny the instruction for the assault charge, it is equally applicable to the aggravated robbery charge. Therefore, even if the trial court had found that R.C. 2911.01(B) permits a defendant to raise the issue of self-defense, it could not have allowed an instruction on that charge.
 {¶ 31} Whited testified that he advised Neal that he was under arrest several times during the encounter, including when he first approached Neal. While Neal, Jessica, Christine, and Shane testified that Whited never stated that Neal was under arrest, all four agreed that Whited ordered Neal to put his hands behind his back. During cross-examination, Neal admitted that he understood that he was under arrest, but that he refused to comply in order to avoid going to jail. Thus, even in the face of contradictory testimony as to whether Whited actually stated that Neal was under arrest, Neal was at fault in creating the situation. He understood that he was under arrest and that the officer ordered him to put his hands behind his back. Rather than comply, Neal chose to resist arrest. Neal continued to approach Whited despite numerous warnings from Whited for him to stop moving and place his hands behind his back.
 {¶ 32} In Columbus v. Fraley (1975), 41 Ohio St.2d 173, paragraph three of the syllabus, the Ohio Supreme Court held: "In the absence of excessive or unnecessary force by an arresting officer, a private citizen may not use force to resist arrest by one he knows, or has good reason to believe, is an authorized police officer engaged in the performance of his duties, whether or not the arrest is illegal under the circumstances." Here, Neal's testimony shows that he understood that Whited was an authorized police officer engaged in the performance of his duties; namely, responding to a domestic violence call from Neal's home. Moreover, at the time Neal began resisting arrest by refusing to comply with Whited's orders, Whited had used absolutely no force at all, let alone excessive or unnecessary force. Any force later used by Whited was in response to Neal's actions: approaching the officer in an assertive manner; refusing to stop moving toward the officer; and failing to comply with the order to put his hands behind his back. Whited's first use of force was to spray Neal with mace in order to stop Neal from approaching him and to bring Neal to the ground to effectuate the arrest. Neal was at fault in creating the situation leading to that first use of force and, therefore, cannot claim self-defense.
 {¶ 33} Because Neal failed to produce sufficient evidence of self-defense, we decline to determine whether R.C. 2911.01(B) permits a defendant to raise the issue of self-defense. Even if the trial court erred in ruling that R.C. 2911.01(B) does not permit such a defense, such error is harmless because Neal could not mandate a jury instruction on self-defense without evidence sufficient enough to raise questions in the minds of reasonable men as to the existence of that issue. See Crim.R. 52(A) ("Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded."); State v. Brown,65 Ohio St.3d 483, 485, 1992-Ohio-61; State v. Staten, Athens App. No. 03CA1, 2003-Ohio-4592 ("Any error that does not affect a criminal defendant's substantial rights constitutes harmless error, and will not cause reversal of the defendant's conviction."). Accordingly, we overrule Neal's first assignment of error.
 III. {¶ 34} In his second assignment of error, Neal argues that the trial court erred when it usurped the role of the trier of fact by determining that Whited did not engage in excessive force. Neal contends that whether Whited used excessive force in effectuating the arrest is a question of fact to be decided by the jury, not the court.
 {¶ 35} We decline to address this issue. Because Neal was at fault in creating the situation that led to the affray with Whited, he could not benefit from a jury instruction on self-defense as a matter of law. Therefore, even if the issue of excessive force was a question of fact, the trial court's usurpation of the issue was harmless error. See Crim.R. 52(A);Brown, supra; Staten, supra. Accordingly, we overrule Neal's second assignment of error.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment and Opinion.
Abele, J.: Concurs in Judgment and Opinion as to Assignment of Error II. Concurs in Judgment Only as to Assignment of Error I.