OPINION
{¶ 1} Defendant-Appellant, Ted A. Pianowski, appeals a judgment of the Montgomery County Common Pleas Court finding him guilty of aggravated robbery with a firearm specification, having a weapon under disability, and of a repeat violent offender specification, and sentencing him to twenty-three years in prison. Pianowski asserts that his conviction on the weapon under disability charge is contrary to the manifest weight of the evidence; that there is insufficient evidence to sustain a conviction on either charge; that the repeat violent offender statute is unconstitutional, and that the cumulative effect of the errors occurring at the trial deprived him of a fair trial. Finding that there was sufficient evidence to convict the appellant, that the trial court's determination of the weapons under disability charge was not contrary to the manifest weight of the evidence, and that there was no harmless error to accumulate, we affirm the judgment of the trial court; however, because portions of the repeat violent offender sentencing law have been determined to be unconstitutional, we vacate the sentence imposed, and remand for resentencing.
 {¶ 2} Shortly after 1:00 p.m., on January 14, 2005, a man entered the Subway Restaurant on East Third Street in Dayton, Ohio, with his face obscured, brandishing a firearm. He jumped up onto the counter, at which point the owner of the restaurant shot him in the wrist or hand area. The intruder dropped his weapon and ran from the restaurant, fleeing east on Third Street. Two minutes after the 9-1-1 call from the restaurant reporting the occurrence, a call came into 9-1-1, from a residence on South Philadelphia Street, reporting that a man had been shot. Upon arrival at the home, officers found the appellant, Ted Pianowski, with a towel wrapped around a bleeding gunshot wound to his wrist.
 {¶ 3} Pianowski was subsequently indicted for aggravated robbery, a firearm specification, having weapons under disability, and a repeat violent offender specification. He plead not guilty to the charges. Prior to trial, Pianowski waived a jury on the weapons under disability charge, and elected to have the court try that issue. The trial commenced on April 4, 2005.
 {¶ 4} After deliberation, the jury found Pianowski guilty of the aggravated robbery charge and the firearm specification. The trial court separately found the defendant guilty of having a weapon under disability and of the repeat violent offender specification.
 {¶ 5} Following the verdict and the trial court's findings, Pianowski was sentenced to ten years on the aggravated robbery charge, three years on the firearm specification, five years on the charge of having a weapon under disability, and five years on the repeat violent offender specification, with all of the sentences to run consecutively, for a total sentence of twenty-three years in prison. It is from this judgment that Pianowski appeals, presenting four assignments of error for our review.
 First Assignment of Error {¶ 6} Whether (sic) the trial court erred by overrulingdefendant-appellant's Rule 29 motion since the state failed tosupply sufficient evidence as to all the elements necessary tosupport the aggravated robbery and having a weapon while underdisability charges.
 Second Assignment of Error {¶ 7} Whether (sic) the trial court's verdict on the having aweapon while under disability charge was against the manifestweight of the evidence.
 {¶ 8} In his first and second assignments of error, Pianowski asserts that his convictions were not supported by sufficient evidence and that his conviction on the weapons under disability charge was against the manifest weight of the evidence. Because, "[t]he legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different," we will address each separately. State v. Thompkins
(1997), 78 Ohio St.3d 380, paragraph two of the syllabus.
 {¶ 9} We first address Pianowski's claim that the evidence was insufficient to support the finding that he was guilty beyond a reasonable doubt. An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 10} Pianowski was charged with committing aggravated robbery, under R.C. 2911.01(A)(1). The essential elements of aggravated robbery that the state had to prove were: (1) that there was an attempt to commit a theft offense, (2) the defendant had a deadly weapon under his control, and (3) that he either displayed or brandished the weapon. R.C. § 2911.01(A)(1). Because Pianowski only challenges the sufficiency of the evidence to prove that he was the person who attempted to commit a theft offense, and that a theft offense was attempted, we do not address the sufficiency of the evidence to prove that the weapon was under his control and that it was displayed or branished.
 {¶ 11} Pianowski was also charged with having a weapon under disability, in violation of R.C. § 2913.13(A)(2). The essential elements of this offense that the state had to prove were: (1) that the defendant knowingly carried or used a firearm, (2) that he had been previously convicted of any felony of violence, and (3) that he had not been relieved from disability. Pianowski's challenge as to this count is likewise that the state failed to prove that Pianowski is the individual that brandished the firearm inside the Subway Restaurant on East Third Street in Dayton, on January 14, 2005; therefore, we do not address the sufficiency of the evidence to prove that he had previously been convicted of a felony offense and that he had not been relieved from this disability.
 {¶ 12} Admittedly, the evidence as to the identity of the perpetrator was almost entirely circumstantial. However, when the evidence is considered in a light most favorable to the state, it becomes clear the evidence was sufficient to support both findings: that Pianowski was the individual that entered the Subway Restaurant brandishing the weapon, and that he was attempting to commit a theft offense.
 {¶ 13} Testimony established that shortly after 1:00 p.m., on January 14, 2005, an individual matching Pianowski's height, weight and build, wearing dark gloves and sunglasses, approached the entrance to the Subway Restaurant and that he covered his face with a white scarf, took a firearm out of his pocket, and then entered the restaurant and jumped up on the counter. At that time, the owner of the restaurant, Mr. Elayan, shot the intruder in the hand or wrist area. The intruder fled the restaurant, dropping his weapon in a window well outside the store.
 {¶ 14} The evidence further established that a 9-1-1 call came in from the Subway Restaurant concerning the events at 1:08:11 p.m., and that approximately two minutes later, at 1:09:54, a call came into 9-1-1 from the defendant's sister's home, approximately one and one-half blocks from the restaurant, reporting a shooting. The police arrived at the residence, and found the defendant with a gunshot wound to his wrist, and found a pair of blood soaked gloves and sunglasses and clothing that matched the description of what was worn by the person at the restaurant.
 {¶ 15} The evidence further established that the bullet removed from the defendant's wrist was consistent with a bullet that would have been fired from Mr. Elayan's weapon, and that the treads on the defendant's shoes were consistent with the shoe prints left on the counter of the restaurant.
 {¶ 16} It is well accepted in Ohio that an intent to commit a theft offense may be inferred from a defendant's forcible entry into a dwelling or business place, in the absence of circumstances giving rise to a different inference. State v.Flowers (1984), 16 Ohio App.3d 313, paragraph one of the syllabus. In this case, the evidence did not suggest any other circumstances that might give rise to a different inference. Therefore, we find that it was reasonable for the jury to have inferred Pianowski's intent to commit the theft offense from the facts of his entry into the restaurant, with his face obscured, brandishing a weapon, and jumping up onto the counter.
 {¶ 17} Viewing all of the above in a light most favorable to the prosecution, we conclude that the evidence was sufficient for a rational trier of fact to have found both that it was Pianowski who enterered the Subway Restaurant carrying a weapon, and that he was attempting to commit a theft offense.
 {¶ 18} We next address Pianowski's claim that the conviction on the weapons charge was against the manifest weight of the evidence. When an appellate court analyzes a conviction under the manifest weight standard it must review the entire record, weigh all of the evidence and all of the reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the fact finder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.Thompkins, 78 Ohio St.3d at 387, quoting State v. Martin
(1983), 20 Ohio App.3d 172, 175. Only in exceptional cases, where the evidence "weighs heavily against the conviction," should an appellate court overturn the trial court's judgment. Id.
 {¶ 19} Pianowski seems to claim that because some witnesses testified that they were not sure whether the intruder was shot inside the restaurant, that the identity of the intruder is suspect, and that therefore, his conviction is against the manifest weight of the evidence. However, the court was free to believe or disbelieve the testimony of any witness as to any issue, and the testimony of any witness as to any material fact, believed by the trier of fact, is sufficient to prove any such fact.
 {¶ 20} After having reviewed the entire record and considered all of the conflicting evidence, we can not say that the court clearly lost its way in finding Pianowski guilty of having a weapon under disability.
 {¶ 21} Accordingly, Pianowski's first and second assignments of error are overruled.
 a. Third Assignment of Error {¶ 22} Whether (sic) the repeat violent offender statute isunconstitutional as it violates an offender's sixth amendmentright to a jury trial.
 {¶ 23} We must sustain Pianowski's third assignment of error regarding the constitutionality of the repeat violent offender statute and we must vacate and remand the case for a new sentencing hearing in light of the Supreme Court of Ohio's recent decision in State v. Foster (2006) 109 Ohio St.3d 1,2006-Ohio-856. The Foster court, following Apprendi v. NewJersey (2000), 530 U.S. 466, and Blakely v. Washington (2004),542 U.S. 296, held that R.C. § 2929.14(D)(2), which requires judicial fact-finding before a repeat violent offender penalty enhancement is imposed, is unconstitutional. Foster,
109 Ohio St.3d at paragraph 5 of the syllabus.
 {¶ 24} In this case, Pianowski was sentenced to five years on the repeat violent offender specification, ten years on the aggravated robbery charge, five years on the weapons under disability charge, and three years on the firearm specification. The trial court ordered all sentences to be served consecutively to each other, for a total sentence of twenty-three years in prison.
 {¶ 25} In Foster, the court severed and excised the fact-finding provisions of R.C. § 2929.14(D)(2) previously required to impose the sentencing enhancement for a repeat violent offender. Foster, 109 Ohio St.3d 1, at paragraph six of the syllabus.
 {¶ 26} Pianowski is entitled to a new sentencing hearing because his original sentence is void in light of Foster. At the resentencing, the trial court has full discretion to impose sentences within the statutory range, and is no longer required to make findings or give reasons for imposing maximum, consecutive, more than the minimum sentences, or for repeat violent offender enhancement. At this new sentencing hearing, the trial court shall consider the record, any information presented at the hearing, any presentence investigation report, and any victim impact statement. It is presumed that this sentencing hearing is de novo; however the parties may stipulate to the existing record and waive the taking of additional evidence.State v. Mathis (2006), 109 Ohio St.3d 54, 2006-Ohio-855, at paragraph 37. Furthermore, while the defendant may argue for a reduction in his sentence, nothing prevents the state from seeking greater penalties. Foster, 109 Ohio St.3d at paragraph 106, quoting United States v. DiFrancesco (1980), 449 U.S. 117,134-136.
 Fourth Assignment of Error {¶ 27} The cumulative effect of the errors occurring at trialdeprived the appellant of a fair trial.
 {¶ 28} The appellant failed to assign or argue any specific error committed by the trial court that this reviewing court has found to constitute harmless error. Therefore, there is no error to accumulate and this assignment of error is overruled.
 {¶ 29} For the foregoing reasons, the judgment of conviction of the Montgomery County Common Pleas Court is hereby affirmed, and the sentence is vacated and the cause is remanded to the trial court for resentencing in accord with the law and consistent with this opinion.
Grady, P.J., and Wolff, J. concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).