OPINION
{¶ 1} Defendant-Appellant, Danny Hall, appeals from a judgment of the Montgomery *Page 2 
County Common Pleas Court finding him guilty of one count of Breaking and Entering, one count of Theft, one count of Grand Theft Auto, and sentencing him to two years in prison. Hall asserts that the trial court erred in denying his Crim. R. 29 motion on all counts; that his convictions on all counts are contrary to the manifest weight of the evidence; that the trial court erred in instructing the jury; and that his sentence violates the Sixth Amendment. Finding that there was sufficient evidence to convict the appellant of the charges, that his conviction was not contrary to the manifest weight of the evidence, that the trial court properly instructed the jury, and that his sentencing was appropriate, we affirm the judgment of the trial court.
 {¶ 2} On March 11, 2006, Hall and Alana Spink contacted Timothy Leet, inquiring if he wanted to purchase two tractors. Both Hall and Spink assured Leet that the tractors were not stolen, and that they needed money for Spink's boyfriend who was in jail. Leet indicated he was not interested, but he took Hall to a neighbor, Donny Sanders.
 {¶ 3} After assuring Sanders that the tractors were not stolen, Hall offered both tractors to Sanders for $1,200, telling Sanders that if he bought one, he would give him the other one for free. Sanders told Hall that he wanted to look at them first, and that Hall should come back in an hour to pick him up.
 {¶ 4} Approximately one hour later, Hall and Spink returned to Sanders' home driving a maroon pickup truck. Sanders and three friends followed Hall and Spink in Sanders' vehicle to 5555 River Road, premises owned by Don Zimmerman, where the tractors were stored. Gilbert Combs was also at the scene. Eventually, a deal was struck and Sanders gave Hall $100, told him that he would go back home and get $900 more dollars, and that he would have to owe him $200. After Sanders returned with the $900, he gave it to Hall. Hall gave Spink $300 and *Page 3 
he left the premises with another friend in the maroon pickup truck, keeping $700 of the proceeds. Sanders loaded the tractors, and as he was leaving the property, the police arrived in response to a burglary in progress report from Zimmerman's father. Spink hid from the police behind a building. After escaping, Hall subsequently abandoned the pickup truck and got a ride from Leet to a crack house where Hall spent the money.
 {¶ 5} Sanders called Hall telling him he wanted his money back, but Hall told him he had already spent it all. Sanders tracked Hall to the crack house, but Hall escaped and Sanders did not see or hear from Hall again.
 {¶ 6} Upon investigation, the police discovered that the property and tractors were owned by Don Zimmerman, who was in jail at the time. Spink was a friend of Zimmerman's who had previously taken his automobile without his permission, and at no time did she or Hall have his permission to drive any of his vehicles, be on his property or sell any of his possessions.
 {¶ 7} Hall was subsequently indicted for one count of theft by deception, one count of breaking and entering, and one count of grand theft auto. The matter came on for jury trial on June 19, 2006. At the close of the state's evidence, Hall moved for a directed verdict of acquittal pursuant to Crim. R. 29, which was renewed at the close of all of the evidence. The court overruled both motions, and after deliberations, the jury returned a guilty verdict on all offenses. Hall was thereafter sentenced to six months for the theft, six months for the breaking and entering and eighteen months for the grand theft auto. The trial court ordered that the sentences for theft and breaking and entering be served concurrently, but consecutively to the sentence for grand theft auto, for a total sentence of two years. *Page 4 
 {¶ 8} Hall now files this timely appeal from the judgment of the trial court, setting forth four assignments of error for our review.
 First Assignment of Error {¶ 9} "The trial court erred as a matter of law when it overruled the defendant's motion for acquittal when the evidence viewed in the light most favorable to the state does not support a guilty verdict on the counts charged.
 Second Assignment of Error {¶ 10} "The manifest weight of the evidence does not support a verdict of guilty on the three counts charged because there was no evidence indicating the intent of Mr. Hall to misappropriate the property."
 {¶ 11} Hall asserts in his first assignment of error that the trial court erred in not entering a judgment of acquittal at the close of the state's evidence on each charge of the indictment.
 {¶ 12} The standard for reviewing a motion for acquittal pursuant to Crim. R. 29(A) was set forth in State v. Bridgeman (1978),55 Ohio St.2d 261, syllabus, 381 N.E.2d 184: "* * * [A] court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." In other words, if there is sufficient evidence before the trier of fact, which could result in a finding of guilty, then the motion must be denied.
 {¶ 13} He also claims in his second assignment of error that his conviction on these charges was against the manifest weight of the evidence. Because, "[t]he legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively *Page 5 
different", we will address those concepts separately. State v.Thompkins (1997), 78 Ohio St.3d 380, paragraph two of the syllabus,678 N.E.2d 541, 1997-Ohio-52.
 {¶ 14} We first address Hall's claim that the evidence was insufficient to support the finding that he was guilty beyond a reasonable doubt. An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus, 574 N.E.2d 492.
 {¶ 15} Hall was charged in the first count of the indictment with committing theft under R.C. 2913.02(A)(3). The essential elements of this offense that the state had to prove were that Hall, with purpose to deprive the owner, knowingly exerted control over the property by deception. Id.
 {¶ 16} Hall was charged in the second count of the indictment with committing breaking and entering under R.C. 2911.13(B). The essential elements of this offense that the state had to prove were that Hall trespassed upon the land of another with purpose to commit another felony, to wit theft. Id.
 {¶ 17} Hall was charged in the third count of the indictment with committing theft under R.C. 2913.02(A)(1). The essential elements of this offense that the state had to prove were that Hall, with purpose to deprive the owner, knowingly exerted control over property without consent of the owner or person authorized to give consent, and that the property was a motor vehicle. Id.
 {¶ 18} Hall's argument with regard to each of these charges is that there is no evidence *Page 6 
that he knew that he was deceiving Sanders as to the fact that he did not have authority to deal with the property; that he did not have permission to be on Zimmerman's property; that he did not have permission to drive Zimmerman's vehicle. Although Hall did not testify, his entire defense was that it was reasonable to infer that Hall believed that he had permission to be on Zimmerman's property, to sell the tractors, and to drive Zimmerman's pickup truck, due to the representations of Spink to other parties, and that he was deceived by her.
 {¶ 19} The state may use circumstantial evidence in order to prove that Hall had the requisite knowledge that he did not have permission to be on Zimmerman's property or to sell or use it. Circumstantial evidence is equally probative especially as to a mental state in which the sole direct evidence is known to the accused because a defendant's mental state is difficult to demonstrate with direct proof. State v. Logan
(1979), 60 Ohio St.2d 126, 131, 397 N.E.2d. 1345. In reviewing the evidence herein, there is a substantial body of circumstantial evidence from which a reasonable trier of fact could infer that Hall's acts were done with full knowledge that neither he nor Spink had Zimmerman's permission to do any of these acts.
 {¶ 20} The evidence with regards to the sale of the tractors was that Hall negotiated the entire sale, even telling Spink to "shut the f*** up" when she attempted to participate in the negotiations. Hall assured Sanders that the property was not stolen and that he had authority to sell it, and that the proceeds were to go to Spink's boyfriend in jail. The evidence also showed that Hall kept $700 of the proceeds and spent it on himself. This evidence is sufficient to support an inference that Hall knew that he did not have permission to deal with this property, and that, in fact, he intended to deprive Zimmerman of this property. Therefore, the evidence is sufficient to support a conviction for theft by deception. *Page 7 
 {¶ 21} The evidence with regards to the breaking and entering charge was that while Hall had a key that unlocked the gate to the property, he did not have a key for the lock on the building that housed the tractors. When the parties viewed the tractors, the barn door was pulled out so they could enter. Subsequently, the barn door was fully open when Sanders returned so the tractors could be removed from the barn, and the police recovered the broken hasp and lock from the barn. Also, the evidence is clear that Hall bolted from Zimmerman's property, leaving Spink behind immediately after receiving the money and before the tractors were loaded and the other parties had left. Finally, the evidence established that Hall's only purpose for being on Zimmerman's property was to sell the tractors and any other property he could. From this evidence, the jury could have properly inferred that Hall knew that he did not have permission to be on the property and that he did not have the authority to sell the tractors. Therefore, the evidence is sufficient to support a conviction for breaking and entering.
 {¶ 22} The evidence with regard to the grand theft auto charge was that after concluding the sale of the tractors, Hall hurriedly drove off in the truck owned by Zimmerman, leaving Spink behind. And, Hall later abandoned the truck, after it broke down, leaving it in a driveway on Dayton-Liberty Road where the police later recovered and impounded it. This evidence is sufficient to support an inference that Hall knew that he did not have permission to take the vehicle, and therefore, the evidence is sufficient to support a conviction for theft of the motor vehicle.
 {¶ 23} Vewing this evidence in a light most favorable to the prosecution, we conclude that the evidence was sufficient for a rational trier of fact to have found, beyond a reasonable doubt that Hall entered upon Zimmerman's property, sold his tractors, and took his pickup truck *Page 8 
with knowledge that he did not have permission to engage in any of these acts. Therefore, the trial court did not err in overruling Hall's motion for acquittal pursuant to Crim. R. 29.
 {¶ 24} Moving now to the manifest weight analysis, we would note that when an appellate court analyzes a conviction under the manifest weight standard, it must review the entire record, weigh all of the evidence and all the reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the fact finder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Thompkins, at 387, quoting State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717. Only in exceptional cases where the evidence "weighs heavily against the conviction," should an appellate court overturn the trial court's judgment. Id.
 {¶ 25} When an appellate court considers the manifest weight of the evidence, it must act in effect as a "thirteenth juror," reconsidering the resolution of testimony and evidence as found by the trier of fact.Thompkins. This action is reserved for the exceptional case where the evidence presented weighs heavily in favor of the defendant. State v.Otten (1986), 33 Ohio App.3d 339, 340, 515 N.E.2d 1009. "A conviction is not against the manifest weight of the evidence merely because there is conflicting evidence before the trier of fact." State v. Urbin,148 Ohio App.3d 293, 772 N.E.2d 1239, 2002-Ohio-3410, quoting State v.Haydon (Dec. 22, 1999), Summit App. No. 19094, further appeal not allowed (2000), 88 Ohio St.3d 1482, 727 N.E.2d 132. Additionally, it is well established that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts."State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus, 227 N.E.2d 212. *Page 9 
 {¶ 26} After reviewing the entire record, we cannot find that the jury clearly lost its way in convicting Hall of the charges.
 {¶ 27} Hall's first and second assignments of error are overruled.
 Third Assignment of Error {¶ 28} "The trial court erred as a matter of law when it failed to instruct the jury on whether or not Mr. Hall had a reasonable belief to believe that he was authorized to use the truck."
 {¶ 29} It is the duty of the trial judge in a jury trial to state all matters of law necessary for the information of the jury in giving its verdict. R.C. 2945.11. Correct and pertinent requests to charge the jury must be given by the trial judge, either as specifically proposed or within the substance of a general charge. State v. Perryman (1976),49 Ohio St.2d 14, 358 N.E.2d 1040.
 {¶ 30} In his third assignment of error, Hall argues that the instructions given at the conclusion of trial were prejudicial because defense counsel requested an instruction as to the affirmative defense provided in R.C. 2913.03(C), which states:
 {¶ 31} "(C) The following are affirmative defenses to a charge under this section [2913.03]: (1) At the time of the alleged offense, the actor, though mistaken, reasonably believed that the actor was authorized to use or operate the property. (2) At the time of the alleged offense, the actor reasonably believed that the owner or person empowered to give consent would authorize the actor to use or operate the property."
 {¶ 32} There are multiple reasons why this assignment of error must be overruled. First, the affirmative defense requested is provided as a defense only to the charge of Unauthorized Use of a Motor Vehicle as provided in R.C. 2913.03. Here, Hall was charged with Grand Theft *Page 10 
of a Motor Vehicle under R.C. 2913.02. This defense is not provided as an affirmative defense to a charge under this section.
 {¶ 33} An "affirmative defense" is defined as "(1) [a] defense expressly designated as affirmative" or "(2) [a] defense involving an excuse or justification peculiarly within the knowledge of the accused, on which he can fairly be required to adduce supporting evidence." R.C.2901.05(C). R.C. 2913.02 does not designate "reasonable belief that he had consent" as an affirmative defense to a charge of grand theft. Moreover, upon our review of the caselaw, we cannot find any authority to support Hall's contention that this is an appropriate affirmative defense to this charge.
 {¶ 34} Second, the record is devoid of any testimony that Hall ever had permission to operate Zimmerman's pickup truck. Prior to leaving the Zimmermans' premises after concluding the sale of the tractors, Spink was driving the pickup truck. After the sale, the evidence is clear that Hall and Combs left the scene hurriedly in the truck. While there is hearsay testimony present in the record that Combs told Leet that Spink gave him the keys to the truck in order to drop Hall off somewhere, the evidence is to the contrary. Combs was driving the truck when it arrived at Leet's home after the sale, and Combs stayed at Leet's while Hall drove off in the truck. And, it was Hall who later abandoned the truck on Dayton Liberty Road after learning that the police were looking for him. Finally, Zimmerman testified that his current incarceration was the result of Spink's driving his vehicle without permission and without a valid operator's license, and that neither she nor Hall ever had permission to drive this vehicle.
 {¶ 35} The Supreme Court of Ohio has held with respect to affirmative defenses:
 {¶ 36} "In construing the phrase `burden of going forward with the evidence,' this court *Page 11 
stated in State v. Robinson (1976), 47 Ohio St.2d 103, at pages 111-112,351 N.E.2d 88, at page 91, that in order for the defendant to successfully raise an affirmative defense, `* * * evidence of a nature and quality sufficient to raise the issue must be introduced, from whatever source the evidence may come.' * * * If the evidence generates only a mere speculation or possible doubt, such evidence is insufficient to raise the affirmative defense, and submission of the issue to the jury will be unwarranted." State v. Melchior (1978), 56 Ohio St.2d 15,20, 381 N.E.2d 195.
 {¶ 37} Finally, even if it was error to fail to charge the jury on an affirmative defense of permission, the court allowed Hall to argue that he had permission, which he urged the jury to infer from the fact that "others were drivin' the car [sic]. Keys were being tossed and people that order [sic], people that take rides, and whatnot. You have — you have to find in the element that somebody did not have permission. Just because that's how it turned out in the end that doesn't mean that the true element of it that somebody doesn't think or reasonably believe that there's an implied consent to do so. It wasn't her car [sic]. She played it out as her husband's car [sic] the whole time. I find that to be reasonable. * * * So to repeat, that she's held — she held the truck out as her husband's truck or her boyfriend's truck, was allowing people to use it. I don't see any grand theft of that vehicle."
 {¶ 38} From this, Hall was afforded the benefit of having the jury consider the issue of his allegedly permissive use of the vehicle in the context of whether he had the requisite knowledge or intent to use the vehicle without consent, without having to sustain the burden of proof imposed upon affirmative defenses. Therefore, any error in this regard would be harmless as a matter of law.
 {¶ 39} Hall's third assignment of error is overruled. *Page 12 
 Fourth Assignment of Error {¶ 40} "The trial court erred as a matter of law in violation of Mr. Hall's sixth amendment rights when it imposed a consecutive sentence based on judicially determined facts."
 {¶ 41} In this assignment, Hall asserts that because the trial court referred to Hall's prior record at sentencing that it improperly based its sentencing decision on facts not determined by the jury. At oral argument, Hall waived this assignment of error.
 {¶ 42} Because Hall has waived this argument, because the sentence imposed was within the statutory provisions for the crimes of which Hall was convicted, and because on independent review we determine that the sentencing herein was imposed consistent with the mandates of State v.Foster, 109 Ohio St.3d 1, 845 N.E.2d 470,2006-Ohio-856 and State v.Mathis, 109 Ohio St.3d 54, 846 N.E.2d 1, 2006-Ohio-855, we overrule Hall's fourth assignment of error.
 {¶ 43} For the foregoing reasons, the judgment of the Montgomery County Common Pleas Court is hereby affirmed.
BROGAN, J. and GRADY, J., concur.
(Hon. Sumner E. Walters retired from the Third District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1