OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Roger C. Lanier, filed July 9, 2007. On April 23, 2007, Lanier was indicted on one count of having weapons while *Page 2 
under disability, in violation of R.C. 2923.13(A)(3), one count of carrying concealed weapons, in violation of R.C. 2923.12(A)(2), and one count of improperly handling firearms in a motor vehicle, in violation of R.C. 2923.16(B). Lanier pled not guilty, and following a jury trial, he was found guilty of all charges on July 2, 2007. The trial court ordered Lanier to serve the following sentence: five years on the charge of having weapons while under disability; 18 months on the charge of carrying concealed weapons; and 18 months on the charge of improperly handling firearms in a motor vehicle, all to run consecutively for a total term of eight years.
 {¶ 2} Lanier asserts one assignment of error that contains three subparts as follows:
 {¶ 3} "THE APPELLANT'S CONVICTION FOR HAVING A WEAPON WHILE UNDER DISABILITY MUST BE REVERSED.
 {¶ 4} "A. The Trial Court Statement to the Prosecutor Prejudiced the Appellant's Right to a Fair Trial.
 {¶ 5} "B. If the Trial Court's Instruction to the prosecutor is not Plain Error, the Appellant Received Ineffective Assistance of Counsel.
 {¶ 6} "C. The Trial Court Erred When It Refused to Grant the Appellant Criminal Rule 29 [sic] on the Charge of Having a Weapon While Under Disability."
 I. {¶ 7} The statute proscribing having weapons while under disability provides, "Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if * * * (3) The person * * * has been convicted of any offense involving the illegal possession, use, sale, *Page 3 
administration, distribution, or trafficking in any drug of abuse * * *." R.C. 2923.13. R.C. 2923.14 provides the methods by which relief from disability can be acquired.
 {¶ 8} At the start of the State's case in chief, the prosecutor called Ronald E. Vincent, Clerk of the Common Pleas Court and Second District Court of Appeals for Clark County, Ohio, to the stand. Pursuant to subpoena, Vincent brought a Judgment Entry of conviction, in case no. 1998-CR-94, captioned State v. Lanier, and the document was marked as an exhibit. Vincent testified that the Entry was file stamped November 10, 1998, and that it provided as follows: "the defendant has been convicted of possession of crack, Revised Code Section 2925.11, a felony of the fifth degree, subject to Division B of Section 2929.13 of the Ohio Revised Code." After Vincent authenticated the document, the prosecutor stated that he had no further questions.
 {¶ 9} Vincent was then subject to cross-examination as follows:
 {¶ 10} "Q. You're a record keeper; right?
 {¶ 11} "A. Yes.
 {¶ 12} "Q. You don't know Roger Lanier?
 {¶ 13} "A. No, sir.
 {¶ 14} "Q. Does that document that you have there marked as State's Exhibit 1 (SIC), does that contain a Social Security number?
 {¶ 15} "A. No, sir, it does not.
 {¶ 16} "Q. Does it contain the date of birth of the Roger C. Lanier found in that entry?
 {¶ 17} "A. No, sir, it does not.
 {¶ 18} "Q. Other than the name, does it * * * have any other identifying information to *Page 4 
identify it as this particular Roger Lanier?
a. * *
 {¶ 19} "A. No, sir, it does not."
 {¶ 20} When defense counsel indicated that he had no further questions, and the State declined to question Vincent on redirect, the trial judge asked counsel to approach, and the following conference occurred out of the hearing of the jury:
 {¶ 21} "THE COURT: I just wondered, were you going to have him go through the file and see if there was anything, any entry in there relieving him of his disability? I know that — I don't know unless you want to prove that some other way. I know Schumaker usually asks that.
 {¶ 22} "MR. CARTER: Okay.
 {¶ 23} "THE COURT: If there's something in there. I guess there's a procedure where they can file to be relieved from their disability.
 {¶ 24} "MR. THOMAS: Restoration of civil rights.
 {¶ 25} "THE COURT: Yeah, the restoration of civil rights. I don't know if that's in the file or not.
 {¶ 26} "MR. CARTER: Okay. I'll ask him."
 {¶ 27} The prosecutor then asked Vincent if there was "any document in that Case No. 98-CR-94 restoring Roger C. Lanier's right to carry a firearm," and Vincent indicated that there was no such document in the file.
 {¶ 28} Lanier argues, "One of the elements of the offense of Having a Weapon While Under Disability is that the defendant has not been relieved from disability." According to Lanier, "The Trial Court obviously realized that the prosecutor had overlooked this crucial *Page 5 
element. The Trial Court not only brought it to the Prosecutor's attention but pointed out exactly what testimony was needed and that it (the element) must be shown at some point. This was extremely prejudicial to the Appellant because without this element the charge of Having a Weapon While Under disability would have been dismissed." Lanier argues that the trial court's conduct constitutes plain error such that the "outcome of the trial without the Trial Court's instruction would clearly have been different because the Appellee would have failed to establish all the elements of Having a Weapon While Under Disability."
 {¶ 29} "Plain error does not exist unless it can be said that but for the error, the outcome of the trial would have been different."State v. Denham, Greene App. No. 2001CA105, 2002-Ohio-3912, ¶ 10.
 {¶ 30} Lanier relies upon State v. Pianowski, Montgomery App. No. 21069, 2006-Ohio-3372. Pianowski was charged in relevant part with having a weapon while under disability, and he waived a jury on that charge, electing to have the trial court try that issue. He was found guilty. Pianowski argued that the trial court erred in overruling his Rule 29 motion for acquittal since the State failed to supply sufficient evidence as to all the elements to support the having a weapon while under disability charge, and that his conviction of that charge was against the manifest weight of the evidence.
 {¶ 31} In the course of analysis, we noted, "Pianowski was * * *charged with having a weapon under disability, in violation of R.C. 2913.13(A)(2). The essential elements of this offense that the state had to prove were: (1) that the defendant knowingly carried or used a firearm, (2) that he had been previously convicted of any felony of violence, and (3) that he had not been relieved from disability. Pianowski's challenge as to this count is likewise that the *Page 6 
state failed to prove that Pianowski is the individual that brandished the firearm inside the Subway Restaurant on East Third Street in Dayton, on January 14, 2005; therefore, we do not address the sufficiency of the evidence to prove that he had previously been convicted of a felony offense and that he had not been relieved from disability."
 {¶ 32} The State responds, Pianowski's "dicta statement as to the essential elements of the charge of having a weapon under disability was not a holding that was dispositive of the case and this Court did not address whether the evidence was sufficient to prove that the defendant had been convicted of a felony offense and had not been relieved from disability. * * * Therefore, this Court's recitation of the `essential elements' in Pianowski should not be considered a holding establishing the law on proving a charge of having a weapon under disability." The State cites several cases from the First, Third, Fifth, Eighth, Tenth and Eleventh Districts for the proposition that proving relief from disability is an affirmative defense which the defendant must raise.
 {¶ 33} We agree with the State. In State v. Laney (Nov. 4, 1983), Champaign App. No. 83CA2, we held that proof of the relief from disability authorized by R.C. 2923.14 is not a part of the State's burden. We wrote:
 {¶ 34} "R.C. 2923.13 (A)(3) makes possession of a firearm a felony of the fourth degree if a person has been convicted of trafficking in any drug of abuse `unless relieved from disability as provided for in Section 2923.14.'
 {¶ 35} "It has been held that the words `unless relieved from disability as provided for in Section 2923.14' are not part of the description of the offense, and that proof of lack of relief from disability is not an element of the offense. State v. Jordan, Geauga County Court *Page 7 
 {¶ 36} We believe that the correct view was otherwise stated by the Eighth District Court of Appeals in State v. Jenkins (April 24, 1980), Cuyahoga App. No. 40670, which held:
 {¶ 37} "The disability imposed by R.C. 2923.13 remains with an individual until he has the disability removed pursuant to R.C. 2923.14. It is the individual subject to the disability who must initiate the application for removal of the disability. Therefore, when a person is charged under R.C. 2923.13 with having a weapon while under disability, the issue of whether the accused had obtained relief from disability constitutes in our opinion `an excuse or justification peculiar within the knowledge of the accused . . .' Under these circumstances, relief from disability acts as an affirmative defense. R.C. 2901.05 (C)(2) places upon the defendant the burden of going forward with evidence sufficient to raise that issue. See e.g., State v. Robinson (1976),47 Ohio St.2d 103, 351 N.E.2d 88 wherein the Ohio Supreme Court held that in a criminal case involving the affirmative defense of self-defense, the defendant has the burden of going forward with evidence sufficient to raise that issue.
 {¶ 38} "We therefore conclude that relief from disability is an affirmative defense for which the defendant bears the burden of producing such evidence to raise a reasonable doubt about guilt." Id., p. 6.
 {¶ 39} Since being relieved from disability is an affirmative defense, we see no plain error in the trial court's remarks to the prosecutor. Prior to the trial court's remarks, Vincent's testimony established that Lanier had been convicted of the offense of possession *Page 8 
of crack cocaine pursuant to R.C. 2923.13(A)(3). In other words, the State already met its burden. Later in the trial, the Springfield police officer who arrested Lanier in 1998 also testified about Lanier's prior arrest, sufficiently establishing identification. Absent the trial court's remarks and the prosecutor's subsequent redirect examination, we cannot conclude the outcome of the trial would not have been otherwise.
 II. {¶ 40} Lanier further argues that he received ineffective assistance of counsel when his attorney did not object to the trial court's comments to the prosecutor. The State responds, "Because Appellant did not raise this issue at the trial level, Appellant has waived all error except plain error."
 {¶ 41} "A claim of ineffective assistance of counsel is reviewed under the two-part test provided in Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To prevail on a claim of ineffective assistance of counsel, `a defendant must show that counsel's representation fell below an objective standard of reasonableness and that, but for counsel's errors, the result of the proceeding would have been different.' (Internal citation omitted).
 {¶ 42} "Furthermore, a party's failure to object to alleged wrongful conduct waives all but plain error for the purposes of appellate review. (Internal citation omitted). * * * A claim of ineffective assistance of counsel cannot be predicated upon a matter which did not constitute error." State v. Harrison, Montgomery App. No. 21548, 2007-Ohio-2421, ¶¶ 21-22.
 {¶ 43} Since counsel for Lanier failed to object to the trial court's remarks, they are *Page 9 
subject to plain error review. The plain error inquiry is similar to that for prejudice under a claim of ineffective assistance of counsel; assuming counsel should have objected but failed to do so, is there a reasonable possibility that, but for counsel's failure, the result of the trial would have been different? Lanier bore the burden of proving relief from disability, and absent doing so, the outcome of the trial would not have been different.
 III. {¶ 44} Lanier argues that the trial court erred when it overruled Lanier's motions for acquittal on the charge of having weapons while under disability, pursuant to Crim. R. 29.
 {¶ 45} "The standard for reviewing a motion for acquittal pursuant to Crim. R. 29(A) was set forth in State v. Bridgeman (1978),55 Ohio St.2d 261, syllabus, 381 N.E.2d 184: `* * * [A] court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.' In other words, if there is sufficient evidence before the trier of fact, which could result in a finding of guilty, then the motion must be denied."State v. Hall, Montgomery App. No. 21677, 2007-Ohio-6352, ¶ 12.
 {¶ 46} Lanier argues, the State "failed to establish sufficiently that the Appellant was the same person who was previously convicted in case 98-CR-94." As Lanier notes, Vincent initially testified as follows regarding the 1998 Judgment Entry: "It's a judgment entry of conviction, warrant for removal, State of Ohio, plaintiff, versus Robert * * * C. Lanier, defendant, Clark County Common Please Court Case No. 98-CR-94." On cross-examination, Vincent responded to questions about "Roger C. Lanier," such as, "Does it contain the date of birth of the Roger C. Lanier found in that entry?", and "does it have any *Page 10 
other identifying information to identify it as this particular Roger Lanier?" From the testimony that the jury heard about the judgment entry, the jury could have reasonably concluded that Vincent merely misstated Lanier's name when he identified the defendant in the 1998 case as Robert Lanier. Further, the exhibit was admitted and available for the jury's observation.
 {¶ 47} Detective Keith McConnell, of the Springfield Police Division, testified that he arrested Lanier on February 16, 1998, in case number 1998-CR-94. McConnell stated that he did not remember Lanier by sight. According to McConnell, as a routine part of the charging process, the Springfield police enter the accused's date of birth on the complaint, and the date of birth entered for Lanier in 1998 was August 17, 1968. McConnell also provided Lanier's social security number from the 1998 case. McConnell provided a book-in photo of Lanier from the 1998 arrest, as well as a photo taken at the time of Lanier's April 12, 2007 arrest. The social security number on the 2007 photograph is identical to the one from the 1998 arrest. McConnell testified, however, that the date of birth identified for Lanier in the 2007 arrest is June 17, 1968.
 {¶ 48} The jury heard the evidence regarding the identity of the defendant in the 1998 case from Vincent and McConnell, and they viewed the Judgment Entry as well as the photographs, and they found sufficient evidence existed that Roger C. Lanier was convicted of a felony in 1998 and was accordingly under disability. That Vincent misstated Lanier's first name while testifying, and that some sort of typographical error occurred in recording Lanier's date of birth, does not render the evidence insufficient when the sum of the evidence, including the photographs of Lanier and matching social security numbers, is *Page 11 
considered. The trial court properly overruled Lanier's motions for acquittal.
 {¶ 49} Lanier's sole assignment of error lacks merit, and it is overruled. Judgment affirmed.
BROGAN, J. and GRADY, J., concur.
Copies mailed to:
Amy M. Smith William O. Cass, Jr. Hon. Douglas M. Rastatter *Page 1